# JOLIET STREET RAILWAY COMPANY
## v.
## MARY DUGGAN.

*Street Railroads—Negligence of Employes—Action for Injury Received While Attempting to Board Defendant's Car—Question of Negligence—Verdict Justified by Evidence—Contributory Negligence.*

1.  Where a street car has been stopped at a point usual for taking on passengers, the duty devolving on those in charge of the car to give ample time for safely mounting is not limited to the person or persons who may have signaled the car, but includes others who may desire to take passage.

2.  The main question in issue being whether the motorman started the car while the appellee was trying to mount it, or whether the appellee started to get on after the car was in motion, *held*, this was a question of fact for the jury, and the evidence being contradictory, their finding will not be disturbed.

3.  Where the defendant was guilty of negligence which placed the plaintiff in a position of sudden peril, reason is afforded for not holding the plaintiff to strict responsibility for an act which would be considered contributory negligence, were it not for a condition of agitation which precluded the exercise of calm judgment.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. EGBERT PHELPS, for appellant.

Mr. E. MEERS, for appellee.

MR. JUSTICE HARKER. Appellee was injured while attempting to take passage on one of appellant's electric cars. She sued in case, claiming damages on account of the negligence of appellant in suddenly starting the car while she was in the act of getting on, whereby she was violently thrown to the ground. The case was tried by a jury and a

verdict returned for appellee fixing her damages at $3,000.
A remittitur of $1,000 was entered, a motion for a new
trial overruled and a judgment rendered for $2,000 and
costs.

It is contended by appellant that the car was in motion
when appellee attempted to mount it; that she was guilty
of such gross negligence in holding upon the car while in
motion instead of letting loose of it, as she might have done
and thereby saved herself injury, as to preclude her from
a recovery, and that the proximate cause of her injury was
her stepping upon her dress and tripping herself. If she
met her injury while attempting to mount a moving car the
injury was attributable to her own negligence and she could
not recover for it. · Upon this point there was a sharp con-
flict in the testimony. The car was in charge of a motor-
neer alone. It had stopped to take passengers at a point
on Jefferson street (a leading thoroughfare in the city of
Joliet), where appellee had frequently taken passage before.
It had been signaled by another lady, who entered the car,
appellee following closely in the rear. Appellee testified
that the car was standing still at the time she attempted to
mount it; that just as she had one foot upon the step and
her hand upon the hand-rail, the car started suddenly and
that she was thereby dragged several feet and thrown to
the ground. She is corroborated by two eye witnesses to
the injury, Mrs. Conway and Thomas Carlin. As opposed
to these three witnesses, appellant introduced two, who
testified that the car was in motion at the time appellee
attempted to mount it. The jury were warranted in find-
ing that the car did not start until after appellee had her
foot upon the step and her hand on the railing. By con-
tinuing her hold upon the car after it started was appellee
guilty of such contributory negligence as to preclude her
from a recovery? The agitation and excitement which the
sudden starting of the car doubtless produced upon the
mind of appellee would appear to be sufficient reason for
not holding her legally responsible for contributory negli-
gence. The trying circumstances under which she had been

placed by the negligent and wrongful act of appellant precluded that exercise of judgment of which the human mind is capable under less exciting conditions. *Apropos* is the language of Mr. Justice McAllister in C. & A. R. R. Co. v. Becker, 76 Ill. 25: "When the defendant has been guilty of negligence, but seeks to defend on the ground that the party injured might have avoided the injury by the exercise of ordinary care and caution, it sometimes happens in such cases that, as a direct and immediate cause of the defendant's negligence, the party injured was placed in a position of compulsion and sudden surprise, bereft of independent moral agency and opportunity of reflection. In such a case, it would be against the common judgment of mankind to hold the injured party either morally or legally responsible for contributory negligence."

We are inclined to believe from the evidence that appellee stepped upon her dress after the car started, and that her fall was aided thereby; but if the jury were correct in finding that the car started after she had partially mounted, it is immaterial whether she stepped on it in an effort to get on the car or while being propelled along the ground by its motor. It is contended that appellant can not be held for negligence because appellee had not signaled the motorneer or placed herself in such position as necessarily to indicate to him that she intended to take passage. The car had been signaled by another lady and stopped for the purpose of taking on that particular passenger—not passengers generally—insists counsel in his argument. The facts appear that although the car had been signaled by but one person, it stopped at a place usual for taking on passengers and appellee was following closely in the rear of the person which did signal. The car was in charge of a motorneer alone. It devolved upon him to exercise the care and caution in allowing passengers opportunity to safely mount and alight, as are required of both conductor and motorneer on a car so manned. It was his duty before starting his car to see whether any person other than the one who had signaled was in the act of taking passage.

Where a street car has been stopped at a point usual for taking on passengers, the duty devolving upon those in charge of the car of giving ample opportunity for safely mounting, is not limited to the person or persons who may have signaled the car. It is their duty to stop a sufficient time for others desiring to take passage to do so safely. If they do not and the car suddenly starts while one is in the act of getting on and he is thereby injured, the street car company is guilty of negligence.

We do not think the damages are excessive. The court committed no error in modifying appellant's tenth instruction. There was no such defect in the declaration as could be taken advantage of on motion in arrest of judgment. The judgment will be affirmed.

*Judgment affirmed.*

Since the above opinion was written the death of appellee has been suggested, and John McFadden, Jr., administrator of the estate of appellee, substituted as appellee.