## Pitcher, Appellant, *v.* People's Street Railway Co.

[Marked to be reported.]

*Negligence—Street railways—Passenger—Getting on front platform.*

Where a child, between seven and eight years of age, attempts to get upon the front platform of a street car when the car has stopped to let off a passenger, but neglects to signal to the driver or conductor, or in any way announce his intention to become a passenger, and he is injured by the starting of the car in its ordinary course, there can be no recovery of damages from the railway company, where the evidence fails to show that the driver or conductor saw him.

The company was entitled to some kind of notice of his intent to assume the relation of a passenger before being charged with the duty of taking care of him as a passenger. So far as the suggestion is concerned that the driver ought to have seen him, it is enough to say that the duty of the driver was to attend to and look after his horses. Per Mr. Justice GREEN.

Mr. Chief Justice STERRETT and Mr. Justice DEAN dissented on the ground that, under the evidence, the case should have been submitted to the jury.

Argued Feb. 21, 1893.    Appeal, No. 74, Jan. T., 1893, by plaintiff, C. R. Pitcher, from judgment of C. P. Lackawanna Co., Nov. T., 1888, No. 234, refusing to take off compulsory nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Trespass for personal injuries to plaintiff's minor son caused by negligent operation of street car.

At the trial before SEELY, P. J., of the 22d judicial district, specially presiding, it appeared that on Nov. 23, 1887, plaintiff's son, who was between seven and eight years of age at the time, was injured while attempting to get upon the front platform of one of defendant's cars on Lackawanna avenue in the city of Scranton. When the car came opposite to where the boy was standing, it was stopped and a passenger passed out from the rear door. While the car was stopped the boy started, with his school books and dinner basket in his hand, intending to enter the car and so be ready for the return trip when the car should reach the terminus of the track a few feet further on, walking a little faster than usual. He approached the front platform, upon the left side of the car, placed his right hand upon the rail or handle next the body of the car, and just as he was about to place his foot upon the step the car started, and he was thrown under the wheel. He gave no signal to either the conductor or driver of his purpose to enter the car. It did not appear that he was seen by either driver or conductor, or that either of them was acquainted with him or knew where he resided, or of his ever having ridden upon these cars.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Errors assigned* were, (1) " in refusing to take off nonsuit; (2) in deciding that the person injured was not a passenger; (3) in deciding that the persons in charge of the car were not negligent in starting while the boy was attempting to enter."

*S. B. Price*, for appellant.—The plaintiff's son was a passenger: Patterson's Ry. Ac. Law, 204, § 210; Pa. R. R. v. Price, 96 Pa. 267; 2 Wood's Ry. Law, 1037, ed. 1885; Hutchinson on Carriers, 645; P. & R. R. v. Derby, 14 How. 468; Sh. & Redf., Neg. 302; Austin v. G. W. Ry., L. R. 2 Q. B. 442; Brien v. Bennett, 8 Car. & P. 724; Smith v. S. P. C. Ry., 32 Minn. 1; Buffett v. T. B. R. R., 40 N. Y. 168; C. C. & I. R. R. v. Powell, 40 Ind. 37; Briggs v. Union St. Ry., 148 Mass. 75; McDonough v. Met. Ry., 137 Mass. 210.

It is not negligence to enter a street car by the front platform: Sandford v. H. M. & F. R. R., 136 Pa. 84; Chicago West. Div. Ry. v. Mills, 105 Ill. 63.

Where a railroad company, by the invitation of its agents, receives a person as a passenger in its car before the train is made up or is ready to start, it must protect such person as a passenger and must couple, manage and control its cars and engines in such a manner as not through negligence to injure him: Hutchinson on Carriers, 637; Hannibal, etc. R. R. v. Martin, 111 Ill. 219; Pa. R. R. v. Kilgore, 32 Pa. 292; Johnson v. W. C. & P. R. R., 70 Pa. 357; Pa. R. R. v. Lyons, 129 Pa. 113.

As an action proceeds, the burden of proof may be shifted from the party on whom it rested at first by his proving facts which raise a presumption in his favor: Patterson's Ry. Ac. Law, 433.

*W. H. Jessup*, of *Jessups & Hand*, for appellee.—Plaintiff's son was not a passenger: 2 Am. & Eng. Ency. L. 742; Pa. R. R. v. Price, 96 Pa. 267; Bricker v. P. & R. R. R., 132 Pa. 1; Patterson, Ry. Ac. Law, 204; Brien v. Bennett, 8 Car. & P. 724; Smith v. St. P. C. Ry., 32 Minn. 11; Manahan v. Steinway & H. P. W. Co., 26 N. E. Rep. 736; Ogden v. Pa. R. R., 23 W. N. 191; Stager, Adm'r, v. Ridge Ave. Pass. Ry., 119 Pa. 70.

The burden of proof of negligence is upon the party alleging it: D. L. & W. R. R. v. Napheys, 90 Pa. 135; Penna. R. R. v. MacKinney, 124 Pa. 462; Holbrook v. R. R., 12 N. Y. 236; Keller v. Hestonville R. R., 149 Pa. 65; LeBarron v. East Ferry Co., 11 Allen, 312; Sandford v. M. & F. Pass. Ry., 136 Pa. 84; Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375;

Picard v. Ridge Ave. Pass. Ry. Co., 147 Pa. 195 ; Erie Pass. Ry. v. Schuster, 113 Pa. 412 ; Farley v. Traction Co., 132 Pa. 58 ; Thomas v. Pass. Ry., 132 Pa. 504.

OPINION BY MR. JUSTICE GREEN, May 8, 1893 :

The plaintiff's son was injured in attempting to get upon one of defendant's cars. The car had stopped to let off a lady passenger. When she had left the car the horses started to move the car on its course, and at that instant, according to the boy's testimony, he was endeavoring to get on at the front platform, and had hold of the railing with one hand and was about to set his foot on the step of the car to get aboard. The starting of the car, as the boy alleges, caused him to lose his hold, and he fell to the ground, and in some unexplained way one of his legs got upon the track and was shoved forward by the wheels a few feet, and was hurt. The only negligence alleged against the defendant was the starting of the car while the boy was attempting to get on. But the starting of the car was not negligence of itself. On the contrary it was in the course of the regular and legitimate business of the defendant. It was neither sudden nor violent nor in any respect negligent or unusual. It could only be negligent in respect of the boy, if the driver or conductor knew of his intention and attempt to become a passenger. The car had stopped long enough to let off the lady, and, had the boy attempted to get on at the rear platform, where the lady was alighting, he would have been perfectly safe. But he was at the front platform, always a dangerous place to get on, and he had given no notice or signal to the men running the car of his intention to become a passenger, or of his attempt to get on. He said the front platform was a little ahead of him and the driver was sitting on the platform and would therefore be in front of him. He was asked : " Q. You didn't signal to the driver or conductor, did you— hold up your hand or halloo to them ? A. No, sir. . . . Q. Nor did you make any signal whatever that you wanted to get on the car ? A. No, sir."

The case then was that the car was about to start and the boy had not become a passenger, and had given no indication to the driver or conductor of his intent or desire to get on the car. How can it be, then, that the defendant neglected any

duty which it owed to the boy in starting the car? If it was affirmatively proved that the driver or conductor saw him in the act of getting on, or if he had given them any kind of a signal or notice of his intent to get on, there would be room for an allegation of negligence in not giving him reasonable time to do so. But if they did not know of any such intent on his part, and there is no evidence that they or either of them ever saw him, what duty on their part was neglected? Evidently none, because the only facts which could give rise to the duty were not present in the case. It is perfectly clear that the boy was not a passenger, and it is equally clear that there is no evidence, proving or tending to prove, that the defendant had any knowledge or notice of his intent or attempt to become a passenger. Assuredly the company was entitled to some kind of notice of his intent to assume the relation of passenger before being charged with the duty of taking care of him as a passenger.

So far as the suggestion is concerned that the driver ought to have seen him, it is enough to say that the duty of the driver was to attend to, and look after, his horses. He had to get them started and he was subject to a strict legal duty to see that there were no persons on the track in front of him, and he was certainly not guilty of negligence in rigidly attending to that duty. It was the plain duty of the boy to give some notice of his intent to become a passenger, and until he did so the defendant was not guilty of any negligence in simply not knowing of such intent.

We have already decided everything that is necessary to dispose of this case, in Stager v. Ridge Ave. Pass. Railway Co., 119 Pa. 70. The facts were very similar to those in the present case, except that they constituted a much stronger ground of liability than the facts in the present contention. There the plaintiff was a boy who signaled the driver to stop, and the driver did slacken up almost to the point of stopping. The boy attempted to get on at the front platform and had one foot on the step, when the car gave a sudden jerk, and he was jolted off and hurt. We held that the motion of the car at the time of the accident was so very slow that we could not say as matter of law that the boy was guilty of contributory negligence in attempting to get on while it was moving. We further held

that we could not say that it was negligence per se to attempt to get on at the front platform in such a slow motion.  But we also held that there could be no recovery, unless there was affirmative proof of some act of negligence on the part of the company, and that neither the fact of the injury, nor the fact of the sudden jerk, was sufficient proof of such negligence, and we affirmed a judgment of nonsuit.  Our brother CLARK, in the course of the opinion, said: " The mere fact of the injury under the circumstances is not enough ; the injury was received before the passenger had placed himself in the carrier's hands. . . . . The burden of proof rested with the plaintiff and unless some act of negligence on the part of the company or its servants is shown, the cause of the action is not made out.  It is said that when Stager landed upon the first step of the car, there was a sudden start or jerk which threw him off, and that the injury resulted from this rather than from his attempt to get on the car while it was still in motion.  But it has not been shown that this sudden movement of the car was in any way attributable to the driver.  It is suggested he may have removed the brake or applied the whip, but there is not the slightest proof that he did either.  Stager was on the step at the side of the driver, and he does not pretend to say that the driver did anything to produce this result.  It was a cold morning in January ; the horses may have been impatient from the cold, and the quick motion of the car forward might just as well be attributed to either or both of these causes, as to the action of the driver."  The boy in that case had testified, " I got my right foot on and got ahold of both handles, and was going to throw the other one on, and the horses started up as if they had been struck with a whip, with a sudden jerk ; I don't know whether they were struck with a whip or not.  The jar was so sudden that it threw my right leg off, and I lost the grip of my right hand, which was on the guard of the dasher which was toward the front of the car going down. . . . The sudden jerk threw my foot off and caused me to lose the grip of my right hand ; that threw me under the car, and I held on as long as I could, and then I had to let go and I went down flat on my back, and the wheels of the car passed over both legs."

In the present case the boy testified : " And I went to get on and just as I went to put my foot on the step the car start-

ed up and that threw me on the ground, and my leg caught in the wheel, and that is the way I was hurt." In this case, as in the former, there was no proof that any action of the driver caused the car to start, though even if there had been, unless it was characterized by some positively negligent act, there could be no recovery. There was not even the suggestion that the horses started suddenly as if they had been whipped. There is positively no proof except that the car started, but, as before said, the mere starting of the car in its ordinary course was not the slightest proof of negligence, in the absence of any testimony to show that either the conductor or the driver had any knowledge of the presence of the boy or of his attempt to get on. In the Stager case the driver had been signaled and had subsequently stopped to let the boy on.

In these circumstances it is perfectly manifest that there is no proof of negligence on the part of the defendant, and therefore the learned court below very properly granted the nonsuit.

Judgment affirmed.

MR. CHIEF JUSTICE STERRETT and MR. JUSTICE DEAN dissent on the ground that, under the evidence, this case should have been submitted to the jury.