ANNA M. GAFFNEY v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 3, 1900.

Nos. 12,338—(112).

**Street Railway.**

This is a personal injury action, in which it is *held*:

**Verdict Sustained by Evidence.**

1. That the question as to the negligence of the defendant and that of the plaintiff, and whether she was a passenger at the time she was injured, was one of fact, and that the verdict is sustained by the evidence.

**Definition of Passenger.**

2. If a street car stops at a usual place for passengers, and a person in the exercise of due care gets upon the steps or platform of the car, for the purpose of taking passage, while it is so waiting, he is to be regarded as a passenger.

**Charge to Jury.**

3. That instructions to the jury ought to be simple, clear, and direct in statement, and, so far as practicable, in a concrete form, and that the trial court did not err in refusing certain requested instructions by the defendant as to what constituted a passenger, and the duty of its conductor in the premises.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment in favor of defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

START, C. J.

This is a personal injury action. The complaint alleged that on August 24, 1899, the plaintiff was lawfully taking passage upon one of the defendant's passenger cars at Seven Corners, in the city of

[1] Reported in 84 N. W. 304.

St. Paul, when the defendant negligently and without warning suddenly started the car while she was upon the step thereof, whereby she was thrown to the ground and injured. The answer put in issue these allegations, and affirmatively alleged that any injuries the defendant may have sustained were caused by her own negligence. Verdict for the plaintiff for $1,000, and the defendant appealed from an order denying its motion for judgment or for a new trial.

1. The first assignment of error is to the effect that the verdict is not supported by the evidence, for the reason that it conclusively appears therefrom that the defendant was not negligent in the premises, but that the plaintiff was, and, further, that she was not a passenger. The evidence was conflicting on all of these points, which were submitted by the court to the jury, but the verdict is fairly supported as to each of them by the evidence.

2. The other assignments of error relate to the refusal of the court to give on behalf of the defendant certain requested instructions. It is necessary to an intelligent consideration of these requests to state the general trend of the evidence given on behalf of the respective parties.

The testimony of the plaintiff tended to show that she got off from a Selby avenue car on Fourth street, on the easterly side of Seventh street, to transfer to the Grand avenue car then standing at the southwest corner of Third and Seventh streets. When she reached the car (a trailer without gates) it was standing still, and she took hold of the railing with her left hand, having bundles in her right hand, and as she got on to the first step the car was suddenly started, and she was thrown backward to the ground. She did not see the conductor, nor signal to him. In approaching the car she did so from the rear, but the intervening space between the car she left and the one she boarded was in full view of the conductor of the latter, had he looked. There was evidence on the part of the defendant tending to show that the car had started when the plaintiff reached it, and that she caught hold of the railing and attempted to board the car while it was in motion, and was thrown down before she got upon the steps, and, further, that the conductor was standing on the front of the car, and looked to the rear and saw no in-

..tending passengers, and none were in sight. He then gave his signal to go ahead, the car started, and he commenced to collect fares; but shortly thereafter he heard a noise, looked up, and saw the plaintiff with her left hand on the railing, and saw her fall. The evidence is practically undisputed that the plaintiff left the Selby avenue car at the usual place for discharging passengers transferring to the Grand avenue cars, and that the car in question was standing at its usual place for receiving passengers when the plaintiff started to go to it. The defendant requested the court to give to the jury this instruction:

"If the plaintiff came from the rear of the Grand avenue car, as she testified, and was not in view when the conductor looked at the rear step for intending passengers, and if the conductor did look at the rear step and saw no intending passengers, and then gave the signal to go ahead, then there can be no recovery in this case, and your verdict must be for the defendant."

The court gave the instruction in these words:

"If the jury believe from the evidence that the plaintiff came up to the * * * car from the rear, and was not upon the car, but was in a position where the conductor, in the exercise of ordinary care in looking for intending passengers at the rear step of his car, would not ordinarily see plaintiff, and the conductor, in the exercise of ordinary care in looking for intending passengers at the rear step, did look there, and in so looking saw no intending passenger, and at once gave the signal to go ahead, and the car thereupon started, then there could be no recovery in this case, and your verdict will be for the defendant."

To the refusal to give the instruction as requested, and to the giving of it as modified, the defendant duly excepted. The requested instruction was rightly refused, because it was misleading, in that it first assumes as a fact that the conductor did look to the rear step for intending passengers, and then, in a different form, states the fact hypothetically. Again, it omits the element of ordinary care on the part of the conductor to ascertain whether there were any passengers in the act of boarding the car before giving the signal to start it. The instruction makes the mere fact that he looked at the rear step and saw no passengers conclusive that he exercised ordinary care. The instruction as modified supplied the

omission, and as given was as favorable to the defendant as it was entitled to have it.   The defendant requested the court to give this instruction:

"In order to constitute a person a passenger, a contract must be entered into between the defendant and the plaintiff, and that contract consists of intention on the part of the passenger to board the train, and also on the carrier the intention to carry her."

It may be conceded that this is abstractly a correct definition, as far as it goes, of what constitutes the relation of carrier and passenger.   But it was rightly refused, for, if it had been given, it would have been of no practical assistance to the jury.   On the contrary, it was well calculated to mislead them, for it was only a half truth expressed in technical language.   Instructions to the jury ought to be simple, clear, and direct in statement, and, so far as practicable, in the concrete form.   The learned trial court followed this rule, rejected the requested instruction, and charged the jury with reference to the evidence as to what would and would not constitute the plaintiff a passenger.   He charged the jury on this subject, in effect, that if they found from the evidence that she was not on the step of the car when it started, but that she attempted to board it after it was in motion, she could not recover; but if they found that, while the car was still waiting for and receiving passengers, she then presented herself as an intending passenger, and gained a position on the lower step before the car was set in motion, and the conductor, in the exercise of ordinary care in the discharge of his duty, ought to have seen her in that position, they would find that she was a passenger on the car at the time of the accident. The instruction as given was correct; for if a street car stops at a usual place for receiving passengers, and a person in the exercise of due care gets upon the steps or platform of the car for the purpose of taking passage while it is so waiting, he is to be regarded as a passenger.   Smith v. St. Paul City Ry. Co., 32 Minn. 1, 18 N. W. 827; Miller v. St. Paul City Ry. Co., 66 Minn. 192, 68 N. W. 862.

We find no reversible error in the record.

Order affirmed.