## HALL *v.* TERRE HAUTE ELECTRIC COMPANY.

[No. 5,396. Filed December 6, 1905. Rehearing denied February 14, 1906. Transfer denied May 15, 1906.]

1. TRIAL.—*Instructions.—Peremptory.—Evidence.—How Considered.*—To determine the propriety of giving a peremptory instruction all facts and inferences should be considered against the party asking such instruction, and in case of conflict, all that evidence favorable to the asking party should be excluded. p. 45.

2. SAME.—*Instructions.—Peremptory.—Contributory Negligence.*—Contributory negligence is a defense in a personal injury case, and a peremptory instruction for defendant is erroneous unless the facts and inferences are such that no other reasonable conclusion could be reached. p. 46.

3. STREET RAILROADS.—*Passengers.—Who Are.*—Persons boarding a street car which stops upon the street are passengers thereon, such stopping, in the absence of notice to the contrary, being an invitation to take passage; and payment of fare is not essential to make such persons passengers. p. 46.

4. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Where appellant has made a good-faith attempt to comply with Appellate Court rules in preparing his brief and has in his way presented in a substantial manner the errors relied upon, his appeal will not be dismissed. p. 47.

From Superior Court of Vigo County; *Orion B. Harris,* Judge.

Action by William Hall against the Terre Haute Electric Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*R. B. Stimson, H. A. Condit* and *Catlin & Catlin,* for appellant.

*McNutt & McNutt,* for appellee.

ROBY, C. J.—In the single paragraph of complaint it is substantially alleged that appellee owned and was operating an electric street railway in the city of Terre Haute, and that appellant attempted to board one of its cars standing

on said railway, at a regular stopping place upon one of the streets of said city, for the purpose of becoming a passenger thereon, and while in the act of boarding said car for said purpose appellee's servant negligently started the same and thereby threw appellant off and broke his leg. The issue was formed by a general denial, cause submitted for trial to a jury, and at the conclusion of the evidence a peremptory instruction to find for the defendant was given. An exception was reserved, and the action of the court in giving such instruction presents the question for decision.

The injury complained of occurred in the city of Terre Haute, on November 10, 1900, at which time appellee owned and operated an electric railway system therein, the main line of which occupied Wabash avenue and South Third street, the direction of the former being east and west and of the latter, north and south. The line on Wabash avenue was double tracked, but on Third street there was a single track only, excepting that a switch extended 120 feet south of the avenue. Some cars turned south and continued on Third street, others were taken to the end of the switch and placed in position for the return trip over the avenue. For one fare, passengers were entitled to a continuous ride to any part of the system, being transferred from one line to another, when necessary. The regular stopping place for all cars bound south was just south of the south line of Wabash avenue. After rounding the curve at this point, all main-line and south-bound cars regularly stopped for the purpose of discharging and transferring passengers, but cars which ran no further south than the switch stopped only for the purpose of discharging passengers. Appellant was a man sixty-three years old, and desired to go fourteen squares south of the avenue. He carried a valise weighing from twenty-five to fifty pounds. It was then 5 o'clock, or later, and getting dark. The day was wet and cloudy. When he was at the corner of said streets, opposite the regular stopping place, he observed a car one and one-half blocks distant, coming west. He

crossed to the southwest corner and stayed in the street near the track waiting for a south-bound car at the regular stopping place, as aforesaid.   There were other vehicles through and among which he had made his way to the crossing.   The car stopped as usual, but did not quite clear the curve. Appellant was within ten feet of it when it stopped.   The conductor stepped off, assisted a lady to alight, and returned to the platform.   Appellant followed him, putting his left foot upon the step, grasping the hand rail in his left hand, and carrying the valise in his right.   He testified that the car was standing still.   There is other evidence to the effect that it was in motion.   The conductor stood in the rear door.   Appellant said: "Is this car going to south Third?"   The conductor said:  "No, sir."   The car immediately started with a jerk, and a swinging motion, owing to the curved track, and appellant was thrown off and his hip-joint broken.   The car ran on south to the switch and was then returned to Wabash avenue.   The actual purpose of its stop was to discharge passengers.   It was appellee's custom, when a passenger boarded its cars under such circumstances, to collect a fare and if he returned to charge a second fare.  .  The conductor was not looking for passengers, saw appellant on the step, and "never noticed any more."   It was the custom to carry on the front and rear of cars movable signboards, showing the name of the place or street to which they were bound, such cars being otherwise indistinguishable.   There is evidence from which it may be fairly inferred that no such sign was on the front end of the car in question.   In considering a motion for a peremptory instruction, the court is

1.   bound to accept as true all facts which the evidence tends to prove, and all such inferences as are reasonably deducible therefrom against the party asking a protection of the verdict, and, in case of conflict in the evidence, excluding that favorable to him.   *Curryer v. Oliver* (1901), 27 Ind. App. 424.

The question of contributory negligence was for the jury, and the peremptory instruction cannot be sustained by reference to facts bearing upon that issue, the affirmative of which was upon appellee. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32.

Appellee justifies the action of the court upon the theory that it was under no legal obligation to appellant, except not wilfully to injure him. A street railway company is granted its franchise in order that it may carry passengers. When it brings upon the street a car equipped for such purpose, stopping the same at a place selected by it at which to receive passengers, and the person desiring to be transported boards, or attempts to board, such car for such purpose, he becomes a passenger thereon, the act of stopping the car at the customary place being an implied invitation to those waiting to take passage. *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80; *Citizens St. R. Co.* v. *Merl* (1901), 26 Ind. App. 284; *Gaffney* v. *St. Paul City R. Co.* (1900), 81 Minn. 459, 462, 84 N. W. 304; *Drew* v. *Sixth Ave. R. Co.* (1862), 26 N. Y. 49; *Ganiard* v. *Rochester, etc., R. Co.* (1888), 50 Hun 22, 2 N. Y. Supp. 470; *Ganiard* v. *Rochester, etc., R. Co.* (1890), 121 N. Y. 661, 24 N. E. 1092; *Wallace* v. *Third Ave. R. Co.* (1898), 55 N. Y. Supp. 132, 135; *Gordon* v. *West End St. R. Co.* (1900), 175 Mass. 181, 55 N. E. 990; *McDonough* v. *Metropolitan R. Co.* (1884), 137 Mass. 210; *Schepers* v. *Union Depot R. Co.* (1895), 126 Mo. 665, 29 S. W. 712; *Joliet St. R. Co.* v. *Duggan* (1892), 45 Ill. App. 450; Nellis, St. R. Accident Law, p. 44. If appellee did not wish to extend such invitation, its duty was to give those in waiting notice to that effect. *Citizens St. R. Co.* v. *Jolly, supra.* The person desiring passage, who boards the car without such notice, indicating his intention of becoming a passenger thereon, cannot be treated as a trespasser. *Citi-*

zens St. R. Co. v. Jolly, supra. Appellant boarded a car which stopped at the usual place for the purpose of being conveyed to his destination. A special contract with the company, based upon payment of fare, was not essential to make him a passenger. Butler v. Glens Falls, etc., St. R. Co. (1890), 121 N. Y. 112, 24 N. E. 187; Clark, Accident Law (2d ed.), §§1-3. The evidence was conflicting with regard to a number of matters, but that most favorable to the appellee was sufficient to take the case to the jury, and the court therefore erred in giving the peremptory instruction.

It has been argued that the appeal was not effective to present the merits of the controversy, on account of appellant's failure properly to index the transcript and to comply with rule twenty-two, so far as the same requires the appellant's brief to contain a condensed recital of the evidence. The first objection has been remedied upon motion. Rule twenty-two is as follows: "The brief of appellant shall contain a short and clear statement disclosing: * * * Fifth. A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the subject clearly and concisely." The purpose in prescribing rules relative to the contents and arrangement of briefs is to procure an orderly and intelligent presentation of the questions the merits of which it is desired to have considered. Given a standard for the arrangement of such matter, individual briefs, in a general and reasonable way, are expected to conform thereto. No absolute standard of literary attainment can be laid down or followed. Each person who prepares a brief imparts his own personality to it, in a large degree, and the rule was not intended to destroy or minimize such

expression. No two men will make a condensed recital of evidence in narrative form, in the same words, nor will they arrange the matter exactly alike. When a good-faith effort is made to enlighten the court, and to conform to the practice specified, the rule cannot be invoked as a basis for refusing to determine the substantial issues presented. To do so would be to exercise an unwarranted authority, and substitute an artificial standard for the substance of justice. Appellant's brief sufficiently conforms to the rule, in the respect indicated, to enable the court to comprehend the propositions relied upon, and the reference made to the typewritten transcript guards against any possibility of error as to what the facts were.

For error in giving the instruction above referred to, the judgment is reversed, and the cause remanded, with instructions to sustain appellant's motion for a new trial, and for further consistent proceedings.