# THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* FARMERS TRUST AND SAVINGS COMPANY, ADMINISTRATOR.

[No. 22,323. Filed March 10, 1915. Rehearing denied June 1, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employer's Liability Act.—Complaint.*—The Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171) is not violative of the 5th and 14th amendments of the Federal Constitution; hence a complaint in an action against a railroad company for the death of an employe, grounded upon that act, was not insufficient on demurrer on the grounds that the act is unconstitutional, and that the complaint did not show that decedent was at the time engaged in interstate commerce, where the allegations showed that decedent was a railway yard clerk whose duty it was daily to be in the yards and make record of incoming and outgoing cars and that there was a constant movement there of interstate traffic. p. 291.

2. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employer's Liability Act.—Complaint.*—Under the Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171) a carrier is rendered liable to an employe for injury resulting from the negligence of its other servants, so that where a complaint for the death of an employe alleged facts showing a failure of defendant railroad company to exercise by its servants ordinary care toward decedent in the management of an engine it stated a cause of action. p. 292.

3. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employer's Liabilty Act.—Evidence.—Sufficiency.*—In an action against

a railroad company for the death of an employe grounded on the Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171) evidence showing that it was decedent's duty to make a record daily of all incoming and outgoing cars, together with the testimony of the agent of a manufacturing company to the effect that his company daily received at least one car of coal from without the State, and had on the day preceding decedent's death loaded a car for shipment to another State on the following day, was sufficient to warrant a finding that decedent was employed in interstate commerce at the time of his injury.   p. 293.

4. MASTER AND SERVANT.—*Injuries to Servant Engaged in Interstate Commerce.—Character of Injuring Agency.*—In an action against a railroad company under the Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171) for the death of a servant who was employed in interstate commerce, it was not necessary to show that the engine which killed him was engaged in such commerce.  p. 293.

5. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Federal Employer's Liability Act.*—The common-law rule of a servant's assumption of the risk of injury by the negligence of a coemploye is abrogated by the Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171), though the act does not in many respects affect the common-law rule of assumption of risk; but, even if a yard clerk who was killed while checking cars in defendant's railroad yards must be deemed to have assumed the ordinary risk of injury from passing locomotives, a verdict for plaintiff can not be disturbed on that ground where the evidence warranted the jury in finding that decedent had no knowledge of the approach of the engine which killed him.   p. 293.

6. PLEADING.—*Demurrer.—Waiver of Defects.*—Defects in a complaint demurred to for want of sufficient facts are waived if not pointed out in the memorandum filed with the demurrer.      p. 294.

7. MASTER AND SERVANT.—*Wilful Injury.—Liability.*—A duty rests on every person or corporation not to wilfully injure any one, and where a servant, acting within the general scope of his authority inflicts a wilful injury, the master is liable.  p. 294.

8. APPEAL.—*Review.—Refusal of Instructions.*—A requested instruction that "under the issues formed upon the second paragraph of complaint and the evidence introduced thereunder, your verdict must be for the defendant," was ambiguous and misleading, and properly refused, since it is not error to refuse an incorrect instruction and no duty devolves on the trial court to modify a requested one to relieve it of ambiguities.   p. 295.

Pittsburgh, etc., R. Co. *v.* Farmers Trust, etc., Co.—183 Ind. 287.

9. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Federal Employer's Liability Act.*—In an action for the death of a railroad employe grounded on the Federal Employer's Liability Act (35 Stat. at Large 65, Chap. 149, U. S. Comp. Stat. Supp. 1909 p. 1171), an instruction that contributory negligence on the part of decedent would not necessarily prevent a recovery by plaintiff, was not erroneous. p. 295.

10. TORTS.—*Wilful Injury.—Contributory Negligence.*—The doctrine of contributory negligence is not applicable in actions for wilful injuries. p. 296.

11. APPEAL.—*Review.—Scope.—Sufficiency of Evidence.*—The court will not review the evidence to determine its sufficiency to sustain the finding on one paragraph of complaint where it is sufficient to sustain it upon another. p. 296.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by the Farmers Trust and Savings Company, administrator, against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George E. Ross,* for appellant.

*S. L. Stricler, J. F. Charles* and *Harness, Moon & Voorhis,* for appellee.

MORRIS, J.—Action by appellee against appellant for damages for personal injuries resulting in death. To the complaint, in two paragraphs, an answer in general denial was filed. Trial by jury, verdict and judgment for appellee for $5,000. The question of the constitutionality of the act of Congress, of April 22, 1908, known as the Federal Employer's Liability Act is involved and therefore the jurisdiction of the appeal is in this court. Acts 1907 p. 237, §1392 Burns 1914. The errors assigned are the overruling of appellant's demurrer to each paragraph of complaint, and its motion for a new trial. The first paragraph of complaint alleges among other things, in substance, that on December 14, 1910, and prior thereto, appellant was a common carrier and owned and operated a double track steam railroad extending through Indiana and other states, and

running through the incorporated city of Gas City, Indiana; that in the city, it had, in connection with its railroad, many switches and side tracks in what was called its yards; that numerous manufacturing plants were located along the main and side tracks in the city, and freight, in large quantities, in carload lots, was constantly shipped out and received by said establishments, over appellant's road, destined to and coming from places outside Indiana; that appellee's decedent, William Morrow, was employed by appellant, at Gas City, in the capacity of yard master and yard clerk, and his duties, among other things, required him to direct the setting and movement of freight cars, and to keep a record of the cars shipped to and from the city; that the performance of said duties required decedent to visit the yards daily, and be upon and near the tracks to inspect the cars personally and make a record thereof, all of which he performed; that on the morning of said December 14, decedent was on one of the main tracks at a point which was a short distance south of the intersection of a main track and Main Street, in the city, engaged in the performance of said duties; that Main Street was the principal thoroughfare of the city and much travelled; that Morrow's position at the time was where he was required to be in the performance of the duties of his employment; that while he was performing his duties in said place, a locomotive engine was driven backward, with tender in front, by appellant, from a place east of the city, towards him, at a dangerous rate of speed, to wit, 30 miles per hour, and the same ran over and killed him; that when struck by the locomotive and just prior thereto, he was engaged in the performance of the duties of his employment, and engaged in interstate commerce for appellant; that at and near the place of injury, the situation was such that appellant's employes on the engine could have seen Morrow on the track in time to have stopped the engine before reaching the point where he was struck, had they kept a lookout ahead, but that said em-

ployes negligently failed during all the time of the engine's approach to keep any watch of the track ahead, and failed to sound the whistle of the engine or give warning of its approach; that had said employes watched the track ahead, they would have seen Morrow in time to warn him or stop the engine, and would thereby have avoided the accident; that the engine made little noise, and Morrow had no knowledge of its approach; that at and prior to the accident he was facing the direction opposite that of the engine's approach, and was absorbed in the performance of his said duties; that the engine was not running on any schedule, and was destined for Marion, Indiana.

It is manifest that the pleader intended to state a cause of action under the Federal Employer's Liability Act of April 22, 1908. 35 Stat. at Large 65, Chap. 149, U. 1. S. Comp. Stat. Supp. 1909, p. 1171. Counsel for appellant contends that the demurrer to the paragraph should have been sustained for the reason, as claimed, that the act is void because in violation of the 5th and 14th Amendments to the Federal Constitution. The Supreme Court of the United States has held otherwise. *Mondou* v. *New York, etc., R. Co.* (1912), 223 U. S. 1, 56 L. Ed. 327, 32 Sup. Ct. 169, 38 L. R. A. (N. S.) 44. It is further claimed that the facts averred do not show that decedent was employed in interstate commerce when injured. We are of the opinion that appellant is in error in this contention. The complaint alleges that decedent was yard clerk and it was his duty to go into the yards daily and make a record of incoming and outgoing cars and that there was a constant movement there of interstate traffic, and that the injury was received while engaged in such duty. In *St. Louis, etc., R. Co.* v. *Seale* (1913), 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914 C 156, it was held that a yard clerk, proceeding through the yards to meet an incoming freight train, from another state, for the purpose of taking down the numbers of the cars, was employed

in interstate commerce within the meaning of the Federal act though the yard was a terminal for that particular train. If, as alleged here, there was a constant movement of interstate cars, decedent must necessarily on the day he was injured, have been subjected to the duty of making a record of some car used in interstate commerce. It is true that the complaint does not in direct terms aver that at the time there was any specific car in the yards employed in interstate commerce, but that there was such car is fairly and reasonably inferable from the facts averred, in which case the complaint is sufficient to repel a demurrer for want of facts. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Appellant's memorandum to its demurrer to this paragraph states that the facts averred do not show, (1) that appellant owed decedent any duty, (2) that it violated any duty it owed him, or (3) that it violated any duty owing decedent that was the proximate cause of the injury. The facts averred show decedent, when injured, was not a trespasser, but, on the other hand, was in a proper place for the performance of his duties. By the express terms of the Federal Liability Act, the carrier is rendered liable to one employe for injury resulting from the negligence of its other servants. As said in *Mondou* v. *New York, etc., R. Co., supra*: "The rule that the negligence of one employe resulting in injury to another was not to be attributed to their common employer, is displaced by a rule imposing upon the employer responsibility for such an injury, as was done at common law when the injured person was not an employe." Appellant here was chargeable by law with the duty to exercise ordinary care to avoid injury to decedent. *Pittsburgh, etc., R. Co.* v. *Nicholas* (1906), 165 Ind. 679, 76 N. E. 522. The facts pleaded show a failure to exercise such care, and further show that the negligent acts and omissions averred were the proximate

cause of decedent's death. The paragraph was sufficient to repel the demurrer.

It is claimed there is no evidence to warrant the finding that decedent was employed in interstate commerce when injured. Appellant errs in this contention. The evidence without controversy shows that one of decedent's duties was to make a record of each car that came to or departed from Gas City. The jury was warranted in finding from the evidence given by J. C. Adams, agent of the shipping department of a glass manufacturing company, that such company received each day at Gas City, over appellant's lines, from the state of West Virginia, as many as one car of coal, and that on December 13 the company had loaded a car with merchandise for shipment, the next morning, over appellant's lines, to the state of California, and the jury was further warranted in finding that it was decedent's duty on the morning of December 14, to make a record of the numbers on said cars used in interstate traffic, and that he had entered on the performance of such duty.

It is also contended that there is no evidence that the locomotive which killed decedent was engaged in interstate commerce. Evidence of such character was not necessary. *Mondou* v. *New York, etc., R. Co., supra; Pederson* v. *Delaware, etc., R. Co.* (1913), 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914 C 153. It is said there is no evidence that decedent did not assume the risk of the danger which caused his injury. It has already been observed that under this act of Congress the common-law rule of the servant's assumption of the risk of injury by the negligence of a coemploye is abrogated. The act however, does not, in many respects, affect the common-law rule of assumption of risk. *Seaboard Air Line Railway* v. *Horton* (1914), 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062. In many cases there is diffi-

culty in determining whether the facts render applicable the doctrine of assumption of risk or that of contributory negligence. The Federal Liability Act provides that contributory negligence will not bar a recovery. Were it conceded here that decedent assumed the ordinary risk of injury from passing locomotives, the jury was warranted in finding proven the allegation that decedent had no knowledge of the approach of this engine. *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 427, 96 N. E. 321, and authorities cited; *Yazoo, etc., R. Co.* v. *Wright* (1914), 235 U. S. 376, 35 Sup. Ct. 130, 59 L. Ed. 277. In many other respects it is contended by counsel for appellant that there is a lack of evidence to support the material averments of the first paragraph of complaint, but we are satisfied that such objections are unfounded.

The second paragraph of complaint avers substantially the same facts appearing in the first paragraph and further alleges that appellant, by its employes was running the locomotive over its tracks and that in such operation its employes wilfully ran the engine over decedent and thereby caused his death. Appellant's memorandum to its demurrer to this paragraph states the same grounds as appear in the memorandum appended to its demurrer to the first paragraph. By force of the statute appellant waived its right to a consideration of other grounds of demurrer for insufficient facts. Acts 1911 p. 415, §348 Burns 1914. It is scarcely necessary to say that a duty rests on any person or corporation not to injure wilfully a human being, and where a servant, acting within the general scope of the authority conferred on him by the master inflicts a wilful injury, the master is liable. *Tarnowski* v. *Lake Shore, etc., R. Co.* (1914), 181 Ind. 202, 104 N. E. 16. The second paragraph was sufficient to repel a demurrer as against the grounds stated in the memorandum.

The court refused to give the following instruction, re-

quested by appellant: ''Under the issues formed upon the second paragraph of the complaint and the evidence introduced thereunder, your verdict must be for the defendant.'' It is contended that the refusal constitutes reversible error. To this proposition we can not assent. It is never error to refuse an instruction that is not correct, and no duty devolves on the trial court to modify a requested one to relieve it of ambiguities. It is well settled that a requested instruction must be plain, certain, and accurate. *Loeb* v. *Weis* (1878), 64 Ind. 285; *Gaffney* v. *St. Paul City R. Co.* (1900), 81 Minn. 459, 84 N. W. 304; 38 Cyc. 1598; 2 Thompson, Trials §§2325, 2326. It must not be ambiguous, or likely to mislead a jury. 38 Cyc. 1599, 1600. The law prescribes no form for a peremptory instruction, and parties desiring such direction may frame it in any proper language although it seems strange that counsel would reject the plain and concise form in common use by the profession in this State. The sufficiency of a requested instruction can not be measured by the same rules applicable to pleadings. It is not within the province of a jury to construe written instruments or interpret equivocal phrases in an instruction. The law contemplates but one verdict in cases of this character, though in such verdict the jury may find for the plaintiff on one paragraph of complaint and for the defendant on another. Of course the presumption is that the jurors here were reasonably intelligent but not that they were skilled in the science of law or conversant with the rules of construction of ambiguous statements. We can not say that the requested instruction might not have misled jurors possessed of common understanding, and therefore hold that its refusal constituted no reversible error.

It is contended that the court erred in giving instruction No. 4 requested by appellee which informed the jury that contributory negligence of appellee would ''not necessarily prevent a recovery by the plaintiff in this action,'' because, as claimed, such negligence complete-

ly bars a recovery under either paragraph. There is no merit in the contention. The doctrine of contributory negligence never applied to actions for wilful injuries, and its application to actions for negligence is restricted by the Federal Liability Act as before noted. Some other questions are presented relative to the giving and refusing of instructions, but we find no reversible error in such action of the trial court.

It is also claimed that there is not sufficient evidence to support a finding, in appellee's favor, on the second paragraph of complaint. It is unnecessary to consider such question because there was sufficient evidence to support such finding on the first paragraph, and there was no reversible error in relation to the instructions given or refused. Judgment affirmed.

NOTE.—Reported in 108 N. E. 108. As to duty of master to servant, see 75 Am. St. 591. As to the constitutionality, application and effect of the Federal Employer's Liability Act, see 47 L. R. A. (N. S.) 38; L. R. A. 1915 C 47. As to empolyes entitled to protection under Federal Employers' Liability Act, see Ann. Cas. 1914 C 164. As to comparison of negligence under Federal Employers' Liability Act, see Ann. Cas. 1914 C 175. See, also, under (1, 3, 4) 26 Cyc. 1913 Anno. 1360–15; 1915 Anno. 1360–15; (2) 26 Cyc. 1395; (5) 26 Cyc. 1182; (6) 31 Cyc. 316; (7) 26 Cyc. 1306, 1527; (8) 38 Cyc. 1602, 1707; (9) 26 Cyc. 1229, 1507; (10) 29 Cyc. 509; 26 Cyc. 1226; (11) 38 Cyc. 1919. As to the validity of Federal Employer's Liability Acts, see 17 Ann. Cas. 331.