Argued June 29, affirmed July 27, 1915.

## TOMPKINS *v.* PORTLAND RY., L. & P. CO.

(150 Pac. 758.)

**Carriers—Injuries to Passengers—Negligence—Evidence—Instructions.**

1. Where, in an action for injuries to a street-car passenger, the evidence was conflicting on the issues whether the passenger attempted to board the car while standing and was thrown off by a sudden jerk of the car, or whether she attempted to board it while in motion, the court should charge that before the passenger could recover, she must show that she intended to board the car, gave notice thereof to the carmen, or that, in the exercise of reasonable care, they knew that she intended to board it, and if the carmen did not know that she intended to board it, there could be no recovery.

**Carriers—Street Railroads—Carriage of Passengers—Care Required.**

2.   The stopping of a street-car at a place where passengers are usually received is an invitation to the public to board the car, and the invitation continues while the car remains standing, but the starting of the car is a withdrawal of the invitation, and during the time of the invitation the carmen must keep a look-out for persons seeking to take passage thereon.

> [Liability of street-car company for injury to passenger by starting car before passenger is seated, see note in Ann. Cas. 1912D, 582.]

**Trial—Instructions—Refusal of Instructions Covered by Charge Given.**

3.   Where, in an action for injuries to a street-car passenger, the court charged that the passenger was not required to signal the carmen if she was present at a stopping place when the car stopped, and the carmen knew, or in the exercise of reasonable care should have known, that she was there, intending to board the car, for that constituted an invitation to the public to enter the car, and one desiring to board a car and intending to avail himself of the invitation must put himself reasonably in a situation where it is either known to the carmen that he intends to board the car or in the exercise of reasonable care would be known, refusal of a charge that before the passenger could recover it was necessary to show that she intended to board the car and gave notice to the carmen so that they would know, or in the exercise of reasonable care should have known, that she intended to board the car was not erroneous.

**Trial—Instructions—Refusal of Instructions Covered by Charge Given.**

4.   Where, in an action for injuries to a street-car passenger while attempting to board a car, the court charged that if the passenger attempted to board in the usual way the standing car, and while so doing the carmen, without paying attention to her safety, started the car, causing the injury, she could recover, but if she attempted to board a moving car and by reason thereof was injured, there could be no recovery, refusal to charge that if the car stopped to receive passengers and remained standing for a sufficient length of time to. permit all appearing to the conductor, in the exercise of due care, to desire to take passage thereon to do so, and if at the time the conductor gave the signal to proceed the passenger was not in such a position that it was apparent to the conductor that she desired to become a passenger, there was no actionable negligence, was not erroneous.

**Appeal and Error—Improper Argument of Counsel—Effect.**

5.   Where the main issue in the case involved the right of plaintiff to recover for a personal injury, and that issue was fairly submitted to the jury, and the manner of conducting the trial and the amount of the verdict did not indicate that the amount was increased by any improper remarks of plaintiff's counsel, the improper remarks were not reversible error.

> [As to instruction to jury to pay no attention to remarks of counsel as reversible error, see note in Ann. Cas. 1912C, 817.]

From Multnomah: John P. Kavanaugh, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by Anna Tompkins against the Portland Railway, Light & Power Company, a corporation, to recover damages on account of personal injuries alleged to have been sustained by plaintiff in attempting to board a street-car of the defendant at First and Morrison Streets in the City of Portland, Oregon, on July 15, 1913. The cause was tried before the court and jury, and a verdict rendered in favor of the plaintiff for $3,100. From a judgment thereon defendant appeals. The complaint alleges that on the date mentioned plaintiff, desiring to become a passenger on one of the defendant's street-cars, waited at the intersection of First and Morrison Streets until one of its trains, consisting of two cars, arrived at that point and stopped there to receive passengers; that the plaintiff, being ready and willing to pay her fare, approached the car which was standing at the crossing, and attempted to board the same, and that while the plaintiff was attempting to do so, the car was caused by the defendant's servants in charge thereof to move forward suddenly with great force, whereby the plaintiff was thrown to the ground, caused to fall between the cars of said train, and thereby injured.

After denying all the allegations of the complaint except the operation of a street-car system within the City of Portland, the answer alleges affirmatively: (1) That after the car had stopped at the street intersection in question and had received several passengers, it was lawfully and carefully started on its journey, and after it had proceeded a short distance beyond the street intersection, the plaintiff negligently ran from the side of the street and attempted to board the train while the same was in motion,

whereby she received the injuries, if any, described in
the complaint; (2) that the plaintiff knew her act was
dangerous, and that it was impossible to stop the train
in time to avoid an accident; and (3) that the accident
was caused, not by the negligence of the defendant's
servants in charge of its street-car, but by the negli-
gence of the plaintiff. The plaintiff introduced evi-
dence tending to support the allegations of her com-
plaint, and particularly tending to show, by her own
evidence and that of her witnesses, that the car was
standing at the usual stopping place when plaintiff
attempted to board it, and that the bell for the start-
ing of the car was given after she had taken hold of
the handrail of the car and had stepped on the step.
The testimony of Mrs. Loewig illustrates the evidence
on behalf of the plaintiff, which we will quote in part
as follows:

"I seen this lady here, stepping out with her
daughter, got hold of the car, and had one foot up,
and took one hand on the handle on the car and held
it tight, and had one foot up and was going to get on.
And as she was just in that position the conductor
gave the ring to go."

The defendant introduced evidence to controvert
that of plaintiff, and tending to show that the plaintiff
attempted to board the car while the same was in
motion, after it had stopped and started again and
gone some distance. The testimony of witness Neville
was typical of that of defendant's witnesses. She
said that plaintiff traveled about 20 feet after the car
started before reaching it. They all agree that she
had not presented herself at the car or near it, and
had not left the curb to approach the car when the start
was made.                                    Affirmed.

For appellant there was a brief over the names of *Mr. T. S. Robinson* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Harrison Allen.*

For respondent there was a brief and an oral argument by *Mr. Arthur I. Moulton.*

MR. JUSTICE BEAN delivered the opinion of the court.

At the close of the evidence the court was requested by the defendant to give certain instructions the refusal of which is the basis for various assignments of error.

1. Assignment No. VIII embodies the following requested charge:

"Gentlemen of the jury, you are instructed that before the plaintiff can recover in this case it is necessary for her to show, by a preponderance of the evidence, that not only did she intend to board the car, but had given some notice to the persons in charge of the car so that the persons in charge of said car knew, or in the exercise of reasonable care should have known, that the person was intending to board said car, and if the persons in charge of said car did not know that the person intended to board the same, and there was nothing that would reasonably lead them to believe that the said party was intending to get upon said car, then the defendant is not liable, and your verdict should be in its favor."

This requested instruction contains a proper statement of the law concerning the duty of a person about to board a street-car, and as the evidence *pro* and *con* upon this point was conflicting, we think the substance thereof should have been given: *Zurcher* v. *Portland Ry., L. & P. Co.,* 64 Or. 217, 220 (129 Pac. 126); *Foster* v. *Seattle Electric Co.,* 35 Wash. 177 (76 Pac. 995);

*Gaffney* v. *St. Paul Ry. Co.,* 81 Minn. 459 (84 N. W. 304).

2. There is little controversy on the question that the stopping of a street-car at the place where passengers are usually received constitutes an invitation to the public to board the car and become passengers. This invitation continues while the car is standing. The starting of the car is a withdrawal of the invitation. While the latter continues it is the duty of those in charge of the car to use at least reasonable care to see that anyone who attempts to board the car and who puts himself in a position to be readily seen by the person in charge thereof is not injured while boarding the same. During the time the invitation is so extended those in charge of the car are compelled to keep a lookout for persons who may seek to take passage thereon: *Dean* v. *Third Ave. R. Co.,* 34 App. Div. 220 (54 N. Y. Supp. 490); *Dudley* v. *Front Street Cable Ry. Co.* (C. C.), 73 Fed. 128; *Devroe* v. *Portland Ry., L. & P. Co.,* 64 Or. 547, 556 (131 Pac. 304).

3. Regarding this point, the only question for our determination is whether or not the substance of the requested instruction was contained in the charge given by the court to the jury. Among other instructions, the court gave the following:

"The plaintiff in this case was not obliged to signal the officers of the company if she was present at a stopping place when the car was stopped and they knew, or in the exercise of reasonable care should have known, that she was present there, intending to board the car, because, as I further explained, that constitutes an invitation to the public to enter the car, and if one accepts an invitation and goes upon the running-board and is in the act of entering the car, he is already a passenger of the company. * * One who desires to board a car and intends to avail himself of

an invitation extended should put himself reasonably in a situation where it is either known to the operatives that he is intending to board the car, or in the exercise of reasonable care should have been known.''

It appears that the charge given by the court fully explained the necessity of the manner of the plaintiff's giving notice of her intention to board the car, and while not in the exact language requested by counsel, it is to the same purport, and properly directed the minds of the jurors in that regard.

4. Defendant also requested the court to instruct the jury as follows:

''The court instructs the jury that if you believe from the evidence that the defendant's train at the time of the accident stopped for the purpose of receiving such passengers as desired to take passage thereon, and remained standing for a sufficient length of time to permit all those who appeared to the conductor in the exercise of due care to desire to take passage on said train, and that at the time the conductor gave the signal to proceed the plaintiff was not in such a position, with reference to the train of the defendant, that it was apparent to the conductor in the exercise of due care she desired to become a passenger, then I charge you that the act of the conductor in starting the car, if you find that to be a fact, would not be construed as negligence on the part of the company.''

Concerning this requested instruction, we are of the same opinion as above stated in regard to the first request: *Gaffney* v. *St. Paul Ry. Co.*, 81 Minn. 459 (84 N. W. 304); *Pitcher* v. *People's St. Ry. Co.*, 154 Pa. 560 (26 Atl. 559). For a like reason we turn to the charge given by the court to ascertain whether the request was covered:

''Now, gentlemen, your inquiry will be first whether the company was negligent in the particulars alleged

in the complaint, and if you are satisfied by a preponderance of the evidence that this car came to a full stop at the usual stopping place for receiving passengers, and that while it was so stopped the plaintiff attempted to board the car in the usual and reasonable way, and while so doing the defendant, without paying care or attention to her safety, started that car and she was thereby injured, then the company is guilty of negligence in this case, and your verdict will be for the plaintiff, unless she contributed in some way to that injury herself. * * If you should find from the evidence in this case that after this train had started in motion, after having been stopped and giving a reasonable opportunity to people to board it, it was started again in motion, and this plaintiff ran after the train and attempted to board the car, and by reason thereof was injured, then she will have contributed to the injury in this case; and the law of this state is that there are no degrees of negligence, and when both parties contribute to the injury, when both parties are guilty of negligence contributing to the injury, the law simply leaves the parties where it finds them, and the result of that, of course, is that no recovery will be had in the case. * * "

The instruction given fully explained the law as set forth in the second requested instruction referred to, and fairly submitted the cause to the jury upon this phase of the case. There was therefore no error in refusing to give the requested instructions in the exact language submitted.

5. During the argument to the jury by counsel for plaintiff, the attorney for the defendant objected to certain remarks which were claimed to refer to the failure of the company to settle the case. There was some dispute between counsel as to the purport of the argument, plaintiff's counsel contending that the remarks were in answer to the argument on the part of defendant to the effect that the action was hastily

brought, and counsel for defendant claiming they referred to a want of offer to compromise. The court, apparently being engaged in the preparation of the charge to the jury, did not hear the remarks, but instructed them to confine themselves to the evidence in their consideration of the case, and if such remarks were made to disregard them. An examination of the record leads us to believe that the main question in the case was the one bearing upon the right of the plaintiff to recover, which was fairly submitted to the jury. The manner of conducting the trial and the amount of the verdict do not indicate that the amount was increased, or that the jurors were influenced by any improper remarks of counsel. The record does not contain the argument. There was no reversible error committed in the rulings of the court.

Finding no error in the record, the judgment of the lower court is affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.