HEDEKIN LAND AND IMPROVEMENT COMPANY *v.*
CAMPBELL.

[No. 22,957. Filed April 6, 1916.]

1. APPEAL.—*Questions Reviewable.—Demurrer to Complaint.—Waiver
of Defects.*—Under §2 of the act of 1911 (Acts 1911 p. 415, §344
Burns 1914), the defects in a complaint not specifically stated in the
memorandum required to be filed with the demurrer are waived;
hence, where appellant by its brief expressly waived the defects
pointed out in the memorandum, no question was presented as to
the sufficiency of the complaint for other causes. p. 645.

2. APPEAL.—*Questions Reviewable.—Motion in Arrest of Judgment.—
Waiver of Error.*—Where appellant sought by its motion in arrest of
judgment to question the sufficiency of facts alleged in the com-
plaint to state a cause of action, a consideration of the question was
waived by reason of failure to raise the objection by demurrer as re-
quired by §§344, 348 Burns 1914, Acts 1911 p. 415. p. 646.

3. COURTS.—*Jurisdiction of Subject-Matter.—Statutes.*—The act of
1911 relating to pleading in civil causes and requiring a memo-
randum of defects to be filed with a demurrer for want of facts does

not affect the question of the jurisdiction of the court over the subject-matter of the action. p. 647.

4. NEW TRIAL.—*Motions.*—*Failure to File in Time.*—Under §587 Burns 1914, Acts 1913 p. 848, a motion for new trial must be filed within thirty days after the return of the verdict, and questions sought to be raised thereby can not be considered if it is filed after that time. p. 647.

From Allen Circuit Court; *J. W. Eggeman*, Judge.

Action by Margaret Campbell against the Hedekin Land and Improvement Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Albert E. Thomas* and *Howard L. Townsend*, for appellant.

*McAdams & Hartzell* and *John H. Aiken*, for appellee.

MORRIS, C. J.—Action by appellee for damages for her minor child's death, alleged to have been caused by appellant's negligent violation of certain provisions of chapter 47 of the acts of 1909. Acts 1909 p. 108. Appellant demurred to the complaint as follows: "Said defendant demurs to the complaint for the following reasons: (1) Because said plaintiff has not legal capacity to sue. (2) Because said complaint does not state facts sufficient to constitute a cause of action. Thomas & Townsend, attorneys for defendant. Memoranda. (1) The complaint does not allege that plaintiff is the administratrix of the decedent, Thomas Campbell, for whose alleged death suit is brought. (2) The complaint shows that said decedent was emancipated." The demurrer was overruled, and, on the issues formed by an answer of general denial, the cause was tried by a jury, which, on September 19, 1913, returned a verdict for appellee. Appellant filed a motion for a new trial on October 21, 1913.

which was overruled, and, on the same day appellant moved in arrest of judgment, which motion was overruled. Thereupon the court rendered judgment on the verdict.

Appellant has assigned as errors here, and on which it relies, the following: (1) overruling demurrer to complaint, (2) insufficiency of complaint to state a cause of action, (3) overruling motion in arrest of judgment, and (4) overruling motion for a new trial. In its brief appellant has expressly waived a consideration here of the matters set out in its memorandum to the demurrer, and of its first cause of demurrer, and says: "There is no defect or omission in the complaint herein, if the right of recovery can be based upon chapter 47 of the acts of 1909." Whether appellee's complaint stated a cause of action under such statute depends on the sufficiency of the facts stated in the complaint, and appellant failed to specify, either in the body of its demurrer for want of facts, or any appended memorandum, any defect in reference thereto. The General Assembly of 1911 by chapter 157, amended §§1, 85 and 89 of an act concerning proceedings in civil cases, approved April 7, 1881. Acts 1911 p. 415, §§344, 348 Burns 1914. By §§2 and 3 of this act, the legislature provided a remedy for a serious evil of long standing. Theretofore, through the medium of general demurrers for insufficiency of facts, questions were actually presented here for the first time on the sufficiency of pleadings, and judgments were regularly reversed because of some technical defect in a pleading, which, if pointed out in the court below, would have been promptly corrected by amendment. Under such procedure counsel could, and often did, deliberately conceal from the trial court the real defect in the pleading on which they expected to rely in the appellate tribunal,

by suggesting other and trivial objections. The result of such practice was the frequent granting of new trials, with the attendant evils of increased expense and long delay in the final hearing of just causes, and burdening the taxpayers of the State with the expense of two trials instead of one. Very soon after this act took effect, in *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417, Ann. Cas. 1914 B 91, it was construed and the court said: "Under the proviso in §2 * * * the defects in a complaint not specifically stated in the memorandum, which is a part of the demurrer, are waived by the demurring party, and he can not thereafter question the sufficiency of the complaint for any defect not so specified." To the same effect see, *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 106 N. E. 729. The statute has also been held applicable to demurrers to answers. *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541; *Muncie Electric Light Co.* v. *Joliff* (1915), 59 Ind. App. 349, 109 N. E. 433. Since appellant's demurrer for want of facts failed to specify any defect in the complaint, not expressly waived by its brief, it presents no question for consideration on review. The second alleged error relied on—that the complaint fails to state sufficient facts—presents no question, because of said act of 1911. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Indianapolis, etc., R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 108 N. E. 400.

By its motion in arrest of judgment appellant seeks to present the question of the sufficiency of
2. facts alleged in the complaint to state a cause of action, but a consideration of such

question has been waived because of the pro-
3. visions of the same act. *Robinson* v. *State,
supra.* While the question of jurisdiction of
the court of the subject-matter of the action
4. is not affected by said act of 1911, there is no
doubt that here the. circuit court of Allen
County had such jurisdiction. Many reasons
were presented for a new trial in the motion therefor,
and appellant here seeks a consideration of the court's
ruling on such motion. The cause was tried after
the taking effect of the acts of 1913, chapter 320
of which requires a motion for a new trial to be filed
within thirty days after the return of the verdict.
Acts 1913 p. 848, §587 Burns 1914. Appellant's
motion was not filed within the time fixed by stat-
ute, and it can not be considered. *Talbot* v. *Meyer*
(1915), 183 Ind. 585, 109 N. E. 841. No question is
presented for review. Judgment affirmed.

Erwin, J., not participating.

Note.—Reported in 112 N. E. 97. As to the legal effect of an order
sustaining a motion in arrest of judgment, see Ann. Cas. 1912 A 975.
See, also, under (1) 4 C. J. 1067; 3 Cyc 387; (2) 31 Cyc 720; (4) 3
C. J. 966; 29 Cyc 927.