MATTIE MILLER v. ST. PAUL CITY RAILWAY COMPANY.[1]

November 9, 1896.

Nos. 10,134—(80).

**Street Railway—Injury to Passenger.**

Evidence as to the defendant's negligence in suddenly starting its street car before the plaintiff was safely aboard of the car, whereby she was injured, considered, and *held* to sustain a verdict for her.

**Same—Damages.**

*Held*, further, that the damages awarded are not excessive.

Appeal by defendant from orders of the district court for Washington county, Williston, J., denying motions for judgment notwithstanding the verdict and for a new trial. Affirmed.

*Munn, Boyesen & Thygeson*, for appellant.

*J. N. Castle*, for respondent.

START, C. J.[2]   This is a personal injury case, and this appeal the second one herein. See 62 Minn. 216, 64 N. W. 554. The plaintiff had a verdict for the sum of $2,500, and the defendant appeals from an order denying its motion for a new trial.

The defendant is a carrier of passengers, and at the time of the plaintiff's alleged injury was operating an electric street-car line along Seventh street, in the city of St. Paul. The complaint alleges that on August 27, 1894, while she was a passenger on one of the defendant's cars on such line, and while she was at or near the place on the car where she got upon it, and before she had time to obtain a seat or sit down, the car was, by the negligence of the defendant, suddenly and violently started with great swiftness, whereby she was thrown with great violence against a part of the car, and that thereby she was seriously and permanently injured. It was to recover damages for such injuries so caused that this action was brought.

The assignment of errors may be considered under two general propositions. First. That the trial court erred in not directing a verdict for the defendant, and in not granting its motion for a new

[1] Reported in 68 N. W. 862.          [2] Canty, J., took no part.

trial, because there was no evidence of the defendant's negligence to justify a submission of the case to the jury. Second. That the evidence as to whether plaintiff's disease, septicæmia, from which she claimed to have suffered ever since the accident, was due to her then injury, was mere conjecture, and therefore it was error to submit such evidence to the jury as a basis of damages; and, further, that the damages are excessive.

2. The premises from which counsel for the defendant deduce their conclusion that there was no evidence of negligence on the part of the defendant are in these words: "The question presented for consideration is, as to a person safely on board of a street car, is it evidence of negligence on the part of the carrier to say (prove) the car gave a jerk as though slackening in speed?" They support their conclusion that it is not by an able argument and the citation of a large number of authorities which are in point. If it be true, as claimed by counsel, that the only evidence on the question of the defendant's negligence is that the car gave a jerk as though slackening in speed, then their premises are correct. But the here material question is whether this was the only evidence as to the defendant's negligence, or, in other words, whether there was sufficient evidence tending to show that the plaintiff was injured by the sudden and violent starting of the car before the plaintiff was safely on board of the car, to justify the submission of the case to the jury. Our decision is that there was such evidence.

The plaintiff was a passenger on the car while she was in the act of stepping onto its platform. Smith v. St. Paul City R. Co., 32 Minn. 1, 18 N. W. 827. It is true, as a general proposition, that it is not negligence to start a street car before a passenger is seated, but due care in starting it must be observed, so as to allow passengers a reasonable opportunity to get safely on board. If such due care is not used, the carrier is negligent. Steeg v. St. Paul City R. Co., 50 Minn. 149, 52 N. W. 393. The car here in question was an open summer car. Its rear platform was seven feet wide between the steps on each side; from the edge of the top step to the center of the aisle was three feet and five inches, and from the back of the first seat to the extreme rear end of the car was only four feet. The entrance for passengers to the car was by an opening on the side of the rear platform and up two steps. The testimony of the plaintiff

as to the manner in which she boarded this car, and what happened to her, is substantially as follows:

"I helped my own little boy up the steps with my left hand. I carried in my right hand a satchel and parasol. When I was on the first step of that car, in the act of taking the second, the bell rang for the car to start, and the car started immediately, and with such force that I was almost thrown from my feet. * * * It started very swift, and with such force that I was almost thrown into the street. * * * I stepped forward quickly [indicating], thinking to reach the first bench, to protect myself. Just as I got to the bench, the car jerked, as though slackening in speed, and swung me so I was thrown across the arm of the first bench in the rear, the arm of that bench striking me in my left side."

If this testimony was true,—and of this the jury were the exclusive judges,—it is clear that fair-minded and intelligent men might reasonably draw different conclusions therefrom as to the negligence of the defendant. Hence the case was one for the jury. It is not an unreasonable inference from this evidence that the defendant was guilty of negligence in suddenly starting the car before the plaintiff was safely upon it, and that so starting the car was the proximate cause of her injury, and the jerk of the car as if slackening in speed at the instant she was struck was simply an intervening cause. It is a fair inference that the distance from the edge of the platform —the top of the last step—upon which the plaintiff was in the act of stepping when the car was started to the place where she was struck was not more than three feet, making allowance for the space occupied by her body, and that the time which elapsed between the sudden starting of the car and her injury was practically imperceptible. Nor is it an unreasonable inference that, when the car was thus suddenly started, so as to nearly throw her into the street, impelled by the instinct of self-preservation, she sprang forward, to reach a place of safety, with such momentum that, incumbered as she was, she so far lost her balance that she was thrown upon the seat when the car "jerked as though slackening in speed." This would seem to be a much more reasonable and probable inference from the facts testified to by the plaintiff than it would be to infer therefrom that she was thrown against the seat, after she was safely on the car, by a jerk of the car "as though slackening in speed." In any event, the question of the defendant's negligence, and whether it was

the cause of the plaintiff's injury, was, under the evidence, a question for the jury.

3. The evidence as to whether the disease, septicæmia, with which the plaintiff was afflicted, was caused by her injury on the car of the defendant was not simply speculative. There was evidence in the case tending to show that it is a germ disease and that an external blow on the body would not be the cause of introducing the germs into the body, but that the germs might exist dormant in the system and be set in motion or "lighted up" by an external blow or injury; and that hence the plaintiff's injury was the direct, inducing cause of the disease. The value and weight of the evidence was for the jury, and it was correctly submitted to them. It follows from this conclusion that the damages awarded are not excessive.

Order affirmed.

MITCHELL, J. (dissenting). I do not think the evidence furnishes a sufficient basis to justify the conclusion that starting the car while plaintiff was on the steps in the act of getting on board (which is the only thing on which negligence on part of the defendant can be predicated) in any way contributed to her fall, which occurred after she had got entirely aboard, walked forward a distance of three or four feet, and turned into the aisle of the car. I therefore dissent.