# Birmingham Railway Light & Power Co. v. Hawkins.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 19, 1907. 44 So. Rep. 983.)

1. *Carriers; Street Railways; Duty to Passengers Boarding Car.—* It is the duty of those operating street cars to hold the car stationary until those desiring to enter the car are on the car and have reached a place of safety, but under ordinary conditions, the passenger is considered to have reached a place of safety when he is on the

car and it is not negligence to start a car in the usual manner and without any unusual jerk while the passenger is stepping from the platform of the car into the car.

2. *Same; Action for Injuries; Instructions.*—In an action for injury to a passenger while entering the car, where there was testimony tending to show that the car was improperly started, it was not error to refuse an instruction that it was not necessary to keep the car stationary until the passenger reached the inside of the car, as such instruction tended to mislead.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. M. E. Hawkins, a passenger, against the Birmingham Railway, Light & Power Company for damages for personal injury. From a judgment for plaintiff in the sum of $1,750, defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in refusing to instruct the jury that it was not the duty of the servant of defendant in charge of the car to keep the car stationary until the passenger had reached the inside of the car.—*L. & N. R. R. Co. v. Hale,* 102 Ky. 600; *Yarnell v. R. R. Co.,* 113 N. W. 570; *Herbick v. N. J. S. & Ry. Co.,* 47 Atl. 427; *Black v. 3rd Ave. R. R. Co.,* 37 N. Y. S. 830; *Prior v. Met. S. Ry. Co.,* 85 N. W. App. 367; Sherman & Redfield on Neg., sec. 508; Hutchinson on Carriers, p. 1299; *Sharpe v. N. O. City R. R. Co.,* 35 South. 614.

PEYTON H. MOORE, for appellee. The court did not err in overruling demurrers to the complaint.—*Armstrong v. Montgomery St. Ry.,* 123 Ala. 233; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492; *Jones v. L. & N. R. R. Co.,* 83 Ala. 376; *Bir. Ry. L. & P. Co. v. Moore,* 42 South. 1024. The court did not err in refusing the charges requested by the appellant.—*H. A. & B. Ry. Co. v. Burt,* 92 Ala. 291; *Watkins v. Bir. Ry. & E. Co.,* 120 Ala. 147; *Outcliff v. Bir. Ry. L. & P. Co.,* 41 South. 87. In any

event, appellant had the benefit of this instruction in another instruction given at its request.—*Southern Ry. Co. v. Burgess,* 116 Ala. 509.

SIMPSON, J.—This was an action by the appellee against the appellant for damages on account of injuries received by appellee while a passenger on the electric car of appellant. The first count of the complaint, on which the issue was joined, alleges negligence generally, by reason of which the plaintiff "was violently thrown to the floor of said car, and was caused thereby to strike the floor of the rear platform of said car with her back very forcibly." The only testimony offered by the plaintiff was her own, to the effect that, when the car stopped, she, with her daughter-in-law and another lady, boarded the car; that when her daughter-in-law was inside the car "and the plaintiff was on the platform (of the car), just at the door, and in the act of stepping through it inside of the car, and the neighbor lady was still on the platform, nearer the step than plaintiff, the car was "started with an unusually hard and violent jerk, and threw plaintiff back against the controller of the car and down to the platform." The defendant's witness, who was the motorman, testified that he was not aware of the plaintiff's position "and that he started it [the car] with no unusual jerk." So it became important to instruct the jury as to the law applicable to each of the two aspects of the case.

The defendant requested the court to give the following charge, which was refused, to wit: "It was not the duty of defendant's servants, in control and charge of its car, to keep the car standing still until the plaintiff had reached the inside of the car." In the management of electric street cars, it is the duty of the motorman, conductor or party in control to hold the car sta-

[Birmingham Railway Light & Power Co. v. Hawkins.]

tionary until those desiring to enter the car have gotten on the car and reached a place of safety. The cases agree that it is negligence to start the car while the passenger is in the act of stepping onto the car, and, on the other hand, they hold that there is no obligation to keep the car standing until the passenger has taken his seat. —6 Cyc. 6316. As our own court has expressed it, the party in charge of the car must see that the passenger is not "alighting (or getting on) or otherwise in a position which would be rendered perilous by the motion of the car."—*Birmingham Union Ry. v. Smith,* 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; *H. A. & B. R. R. Co. v. Burt,* 92 Ala. 291, 9 South. 410, 13 L. R. A. 95. The passenger must be allowed "a reasonable opportunity to get safely upon the car," and "if anything is apparent in the condition of the passenger, so that he would be likely to be thrown or injured by a motion of the car, then proper regard for his safety might require a train to be held in position to avoid it."—*Steeg v. St. Paul City Ry. Co.,* 50 Minn. 149, 52 N. W. 393, 394, 16 L. R. A. 379; *Miller v. Same,* 66 Minn. 192, 68 N. W. 862; *Yarnell v. K. C., Ft. S., S. & M. R. Co.,* 113 Mo. 570, 21 S. W. 1, 18 L. R. A. 599, 601, 602; 2 Hutchinson on Carriers (3d Ed.), p. 1299, § 1111; *Bennett v. Louisville Ry. Co.,* 28 Ky. Law Rep. 998, 90 S. W. 1052, 4 L. R. A. (N. S.) 558. From these and other cases, it seems that under ordinary conditions, unless some special circumstance requiring greater caution is brought to the attention of the motorman or the conductor, the passenger is considered to have reached a place of safety when he or she has gotten on the car.

It is a matter of common knowledge that many persons do not sit down at all, but ride, standing on the platform and in the aisle of the car; there being railings on the platform and loops in the car for passengers

to hold to while the car is in motion. Consequently, in this case, in which no special circumstances are shown, the passenger having boarded the car and being in the act of stepping from the platform into the door of the car, it could not, as a matter of law, be said to be negligence for the car to be started in the usual manner and without any unusual jerk.—*Sharp v. N. O. City Ry. Co.,* 111 Lo. 395, 35 South. 614, 100 Am. St. Rep. 488. But it would be otherwise if it was started in an unusual manner, with a severe jerk, while the passenger was entering the door. Therefore, while it is true that it is not the duty of the motorman or conductor to keep the car standing until the passenger reaches the inside of the car, yet, as in this case there was evidence tending to show that the car was started in an improper manner, charge 1 was calculated to mislead the jury, and the court cannot be placed in error for refusing to give it. Charge 2 was merely an answer to an argument, and was properly refused.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.

*Action for Damages for Injury to Passenger.*

