MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. D. W. COBB.

Decided April 30, 1910.

**1.—Personal Injuries—Riding in Freight Car—Rough Handling—Pleading.**

In a suit against a railroad company for damages for personal injuries received by plaintiff while riding in a freight car in charge of his live stock and household goods, and alleged to have been caused by unusual and un-

necessary jerking and jarring the car in which plaintiff was riding, petition considered and held not subject to general demurrer.

**2.—Same—Switching Cars—Negligence.**

In switching freight cars, some jerking and jarring of the cars is necessary and unavoidable; it is therefore only unnecessary or unusual jerking and jarring of the cars and which could be avoided by the exercise of ordinary care, that constitutes actionable negligence.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Coke, Miller & Coke* and *Templeton, Craddock, Crosby & Dinsmore,* for appellant.

*B. Q. Evans,* for appellee.

BOOKHOUT, Associate Justice.—D. W. Cobb brought this suit against the Missouri, Kansas & Texas Railway Company of Texas to recover damages on account of personal injuries. It was alleged in the petition that: "On the 15th day of February, 1908, he contracted with defendant, acting by its authorized agent and servants at Bells, Texas, to carry and transport from Bells, Texas, to Kingston, Texas, on one of its freight trains, two mules, a wagon and about 600 pounds of other freight consisting of blacksmith tools, smoke-house goods, provisions, etc., and on said date loaded them into one of defendant's freight cars at Bells and paid the freight to the defendant, and said defendant undertook to transport and carry said freight from Bells to Kingston, Texas. Plaintiff shows that, owing to the condition of the floor and the situation of the mules in said car, it became and was necessary for plaintiff to ride in said car in order to take care of the mules and other property in said car during the trip from Bells to Kingston. Plaintiff shows that he applied to the agent of the defendant at said station, and that he and the said agent, acting for the defendant, agreed that it was necessary for said plaintiff to accompany said stock in said car, and plaintiff was required to purchase a ticket from the defendant, which he did, and entered into said car for the purpose of being carried as a passenger on the defendant's freight train from Bells to Kingston for said purpose. Plaintiff shows that after said stock had been loaded, and after he had purchased his ticket and had boarded said car, the same was placed on a sidetrack for the purpose of remaining there until the defendant's agents and servants should do some switching in the yards at Bells. Plaintiff shows that while the said switching was going on, and while he was standing in the door of said car, which was also being switched and moved about, awaiting the starting of said train, the agents and servants of the defendant, while operating an engine and said train and the car in said yard, negligently and carelessly backed the car which plaintiff was in suddenly and unexpectedly, and with great and unusual force and violence, against the car, train or engine standing on the track, causing plaintiff to be thrown forward and against the car, and a slide door to be thrown against plaintiff with great force and

violence, striking him on the side of the head and face and pressing the other side of his head and face against the door facing of the said door, injuring plaintiff seriously and permanently. Plaintiff shows that the defendant, acting by and through its authorized agents and servants who were engaged in operating and propelling its engine, train and cars at ·Bells, knew that plaintiff was in said car; knew that he was a passenger on said car; knew the manner in which the doors to said car were fastened or attached to the car, and knew, or by the exercise of ordinary care could have known, all these facts and the danger there would be by striking said car with unusual force and violence against another car under the circumstances; and yet, notwithstanding the said servants and agents negligently and carelessly, and without giving any notice or warning of their purpose to do so, backed or ran the car plaintiff was in against another car, train or engine, or against other cars attached to or near to said car, with an engine, train or car, with great force and violence, causing the door, which was a slide door and unfastened, to be thrown with great violence against plaintiff, striking him in the side of the head and face, and pressing the other side of his head and face against the door facing, and injuring him seriously and permanently."

Defendant answered by general denial, contributory negligence, and specially set up certain clauses of the contract for carriage which it claimed the plaintiff violated, and for this reason it was claimed he was not entitled to recover. A trial before a jury resulted in a verdict for plaintiff for $8,000, and judgment was entered accordingly. Defendant's motion for new trial having been overruled, it perfected an appeal.

Under the first assignment it is contended that the court erred in overruling a general demurrer to the petition. This contention is not sustained. The petition alleges that the "agents and servants of defendant, while operating the engine and the car in said yard, negligently and carelessly backed the car which plaintiff was in suddenly and unexpectedly and with great and unusual force and violence against the car, train or engine standing on the track, causing plaintiff to be thrown forward and against the car," injuring him, etc. The allegations of the petition show that the car in which plaintiff was riding at the time of being injured was being switched in appellant's yard preparatory to starting with its train. It is common knowledge that, in switching cars for such purpose, some jerking and jarring of the cars is necessary and unavoidable, and the jarring and jerking necessary and usual in the switching of cars would not constitute negligence, and no recovery could be had for the same. It is only such jerking and jarring as is unnecessary or unusual, and which could be avoided by ordinary care on the part of its servants and agents in switching its cars, as constitutes actionable negligence. St. Louis S. W. Ry. Co. v. McDowell, 73 S. W., 974. The petition having alleged that the car in which plaintiff was riding was propelled against another with unusual force and violence was sufficient as against a general demurrer, and the first assignment of error is overruled.

It is contended in the second assignment that the court erred in its

main charge in instructing the jury as follows: "Now, if you find and believe from the evidence that, after plaintiff entered into said car, the agents and servants of the defendant, in switching said car around in the yards at Bells, if they did, caused said car to be backed suddenly and unexpectedly and with great force and violence against a car standing on the track; and if you find that the plaintiff was thereby thrown forward and against the car, and a slide door was thereby caused to be thrown against plaintiff with great force and violence, and you find that he was thereby struck on the side of the head and face; and you further find that the other side of his head and face was pressed against the door facing of said car door and plaintiff was thereby injured in any or all parts of his body and person, as claimed and set forth in his petition; and if you further find from the evidence that the agents and servants, in backing said car that plaintiff was in into another car, if they did, were guilty of negligence, as that term is defined in the first paragraph of this charge, and that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff, unless you find for the defendant under the further instructions hereinafter given you." This contention is sustained. Under this charge the jury were authorized to find for plaintiff if the car was backed suddenly and unexpectedly and with great force and violence against another car standing on the track, and plaintiff was thereby injured. We do not understand this to be the law. The car which was being switched, and in which plaintiff was riding when injured, may have been backed suddenly and unexpectedly and caused to strike a car standing on the track with great force and violence; and yet if it did not strike the standing car with unusual force, or was not unnecessarily switched against the standing car, no recovery could be had. The plaintiff's car may have been switched suddenly and unexpectedly and with great force and violence against another car; still the railway company would not be liable unless the force and violence with which it struck the standing car was unusual or unnecessary. The giving of this charge constitutes reversible error.

The remaining assignments have been carefully considered by us, and because we are of the opinion none of the matters complained of therein is likely to arise on another trial they need not be further noticed.

For the error in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*