PARIS & GREAT NORTHERN RAILROAD COMPANY v. JAMES W. ATKINS.

No. 3037.   Decided October 12, 1921.

(234 S. W., 66.)

1.—Carriers of Passengers—Freight Train—Degree of Care.

The degree of care required of a railroad carrying passengers upon a freight train is the same as for passenger trains, that is, the high degree of diligence which would be exercised by very prudent persons under such circumstances. The passenger assumes such risks as are incident to the method of transportation when such care is exercised, but no more. (Pp. 309, 310).

2.—Same—Charge.

Instructions considered are held to correctly present the degree of care required of a carrier of passengers upon a freight train and the risks of that method of transportation assumed by the passenger. They were not erroneous for failing to call attention to the fact that it involved risk of sudden jars of the car in switching, though done with due care. (Pp. 307-310).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Lamar County.

Atkins sued the railroad company and recovered a judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Anderson, Streetman, Burns & Logue,* and *Wright & Patrick*; with whom *W. T. Evans, Goree, Odell & Patrick,* and *Edgar Wright,* supported a motion for rehearing.

The charge is incorrect in that it did not advise jury that defendant would not be liable unless plaintiff was injured by an unusually violent shock of the cars. H. & T. C. Ry. Co. v. Johnson, 103 S. W., 239; R. C. L. Vol. 4 page 1213; Louisville Ry. Co. v. Osborne, 163 S. W., 189; Louisville Ry. Co. v. Osborne, 188 S. W., 419; Wilder v. Louisville Ry. Co., 162 S. W., 557; Wile v. Northern Pac. Ry. Co. 129 Pac., 889; Hawk v. C. B. & Q. Ry. Co., 108 S. W., 419.

The charge in the instant case is condemned by the holding of the court in M. K. & T. Ry. Co. v. Cobb, 128 S. W., 910, which is, in effect, sustained by the court of Civil Appeals in H. & T. C. Ry. Co. v. Johnson, 103 S. W., 239.

*Park, Moore & Hardison,* for defendant in error.

The same degree of care is required of a common carrier of passengers on freight trains as that required of a carrier of passengers on a passenger train. I. & G. N. R. Co. v. Irvine, 64 Texas, 529; T. & P. Ry. Co. v. Adams, 72 S. W., 82; Herring v. G. H. & S. A. Railway Company, 108 S. W., 977; Same Case, 102 Texas, 100; Dillingham v. Wood, 27 S. W., 1075; Lewis v. T. & N. O. Ry. Co., 124 S. W., 1006; Indianapolis & St. L. R. Co. v. Horst, 93 U. S., 291, 23 L. Ed., 898; Pennsylvania Co., v. Roy, 102 U. S., 455; 26 L. Ed., 141.

The risks that a passenger assumes when taking passage on a freight train are the risks which are reasonably and unavoidably incident to that method of travel. Same authorities.

MR. JUSTICE PIERSON delivered the opinion of the court.

We take the following from the opinion of the Court of Civil Appeals for a brief and substantial statement of the case:

"This appeal is from a judgment for $2000.00 in favor of the appellee for damages resulting from personal injuries. The evidence shows that in January, 1914, the appellee was a passenger riding in the caboose on one of the appellant's freight trains going to Paris, Texas, from some point in Oklahoma. When the train reached Arthur City, Texas, the engine and one or more of the cars were detached for the purpose of doing some local switching. While the caboose was standing on the main line the engine and other cars were backed against it with such violence that the appellee was thrown against a desk and injured in the manner complained of.

"The court gave the following as a part of his general charge:

" '2. It is the duty of a railroad company as a carrier of passengers to exercise a very high degree of care, or that degree of care which a very careful, cautious and prudent person would exercise under the same or similar circumstances, in the handling and operating of its trains to avoid injury to its passengers.

" '4. A passenger on a freight train assumes the risk of such dangers as may arise from the ordinary and careful handling and operation of the train, but does not assume the risks and dangers arising from a negligent handling and operation of the train.

" '6. Now if you believe from the evidence that on or about the 22nd day of January, 1914, after defendant's train had arrived at Arthur City, and the engine had been disconnected from said train, leaving the train, including the caboose in which plaintiff was riding, standing, and after doing some switching the employees in charge of said engine and the cars they were engaged in switching and moving about the yards, ran said engine back into and against the train of which the caboose in which plaintiff was riding was a part, with such force and violence as to cause the plaintiff to be thrown from his seat and strike against the edge or corner of the desk inside the ca-

boose, and that the plaintiff was thereby injured as alleged by him in his petition, and caused to suffer the physical pain and mental anguish and the other injurious consequences alleged in his petition, or any of them, and that the action of defendant's employees in so backing into said train and causing the said collision, if they did, was negligence, as that term is defined in the third paragraph of this charge, and that such negligence, if any, was the proximate cause of the accident and injuries to the plaintiff, then you will find for the plaintiff, unless you find for the defendant under other instructions hereinafter given you.

"'8. If you believe from the evidence that at the time the plaintiff alleges she was injured the defendant's employees were handling the engine and the cars attached thereto in a careful and in the usual and ordinary manner, and that in coupling onto said train there was only the usual and customary jar necessary to the performance of the work in a careful and prudent manner, you will find for the defendant.'

"To the first paragraph quoted above, numbered "2" in the court's charge, it is objected that it did not advise the jury that the degree of care to be exercised in the handling of mixed or freight trains must be such a degree of care as would be commonly exercised in the handling and management of such a conveyance, and does not make the court's meaning clear to the jury, or distinguish between the degree of care for freight and other trains.

"To the fourth paragraph, second in the above quotation, it is objected that the charge did not advise the jury that a passenger on a mixed train assumes the increased danger arising from the difference in the character of conveyance and from the ordinary coupling, jerking or jolting incident to the handling of the same."

The writ of error in this case was granted because of a conflict between the opinion in this case and the opinion of the Court of Civil Appeals for the Fifth Supreme Judicial District in the case of Missouri, Kansas & Texas Railway Company of Texas v. Cobb, 60 Texas Civ. App., 562, 128 S. W., 910.

The burden of plaintiff in error's complaint is that in his charge the trial judge did not draw a distinction between the care required of it in operating and managing a freight train and a passenger train, insisting that a passenger on a freight or mixed train assumes the increased dangers of passage thereon "as were ordinarily incident to the usual, ordinary and necessary operation of that character of train by the employees when exercising ordinary care."

In the case of Missouri, Kansas & Texas Railway Company v. Cobb, the Court of Civil Appeals for the Fifth Supreme Judicial District held that a railway company transporting passengers on a freight train is chargeable with actionable negligence only for "such jerking and jarring as is unnecessary or unusual, and which could

be avoided by *ordinary care* on the part of its servants and agents in switching its cars.''

This is plaintiff in error's contention in this case. It urges that the jury should have been instructed as to the nature of a freight or mixed train; that the hazards of travel thereon are greater; that the passenger assumed an increased risk by taking passage thereon; and that it could be held liable only for unusually violent shocks. Thus it challenges the degree of care required of railway companies in their transportation of passengers upon freight or mixed trains and the sufficiency of the charge to the jury given by the trial court in this case.

The degree of care required in transporting passengers on a freight or mixed train is the same as for passenger trains. Why should it not be so? Conditions of operation and management, of course, are different to those of a passenger train, but the human element is the same and the same rule is justly applicable to both. As to the matter of application, it is to be administered in each case according to the circumstances of that case.

The carrier is necessarily and properly held to exercise ''the high degree of diligence which would be exercised by very prudent persons under similar circumstances.'' St. Louis S. W. R'y Co. of Texas v. Gresham, 106 Texas, 452, 167 S. W., 724.

The charge in this case contained all the requirements upon which to predicate liability, and, as stated in the opinion of the Court of Civil Appeals, is a concise and admirable presentation of the material issues. First, it defined the proper degree of care. Second, it required the jury, in order to find for the plaintiff, to find that the engine was backed into and against the train and caboose *''with such force and violence* as to cause plaintiff to be thrown'' and injured, and that in doing so defendant's servants and employees were guilty of negligence, and that their negligence was the proximate cause of plaintiff's injury. Third, it told the jury that plaintiff assumed the risk of such dangers as might arise from the ordinary and careful handling and operation of the train. Fourth, it instructed the jury that unless plaintiff's injuries were proximately caused by the engine being backed into the train in a *negligent manner,* to find against him. And, fifth, the jury were told to find for defendant if its employees were handling the engine and cars in a careful and in the usual and ordinary manner, and that in coupling onto said train there was only the usual and customary jar necessary to the performance of the work in a careful and prudent manner.

This court in the case of International & G. N. Ry. Co. v. Irvine, 64 Texas, 529, used the following language:

''It is urged that the court erred in the following part of the charge given: 'If defendant accepted the fare of plaintiff and allowed him to ride upon a freight train, he was a passenger within the meaning

of the law, and the defendant was bound to the same degree of care as though it was a passenger train.' We understand the rule thus announced to be a correct one, and especially so when applied to the facts of this case.''

In the case of Herring v. Galveston H. & S. A. Ry. Co., 108 S. W., 977, Judge Fly uses the following language:

''However, the test, as to negligence, in the case of a passenger on a freight train is the same as that on a passenger train, and the common carrier is held to the exercise of the highest reasonable degree of care for the safety of the passenger in the one case as in the other. 'A carrier will be held to the same strict accountability for the negligence of its servants resulting in injury to a passenger who is lawfully and properly on a freight train as governs its liability for such negligence when the transportation is upon a train devoted to passenger service exclusively.' ''

The Court of Civil Appeals for the Sixth District, in the case of Lewis v. Texas & N. O. Ry. Co., 124 S. W., 1006, uses the following language:

''It may be that one who takes passage on a freight train assumes the risks reasonably and unavoidably incident to that method of travel, but it does not follow that such a traveler is any the less a passenger and as such entitled to that high degree of care due to those who travel upon regular passenger trains. While it is true that more inconvenience and greater exposure to danger from jerks and sudden starts and stops may be the necessary incidents of riding upon a freight train, yet there is no relaxation of the rule requiring that high degree of care merely because the vehicle of transportation is a freight train.'' Pennsylvania Co. v. Roy, 102 U. S., 451; Indianapolis & St. Louis Railroad Co. v. Horst, 93 U. S., 291.

Plaintiff in error's insistence that the trial court should have called to the jury's attention the difference in the risk incident to travel upon a freight or mixed train and a passenger train is not well taken. As stated above, the rule of negligence or the degree of care is the same, and recovery cannot be had on either unless there has been a failure to exercise that degree of care and a resulting injury on account thereof. The degree of care is aptly applied to ''the same or similar circumstances'' of each case.

Finding no error in the opinion of the Court of Civil Appeals, the case is accordingly affirmed.

*Affirmed.*