(94 South. 743)

### ALABAMA POWER CO. v. CARROLL.
(7 Div. 229.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. Carriers ⊕═314(2)—Complaint held to state cause of action for negligence.

A complaint averring that "defendant was engaged in operating * * * a street railway as a common carrier of passengers in and upon the streets, * * * and said defendant then and there so negligently conducted said business that by reason of such negligence plaintiff, who was a passenger on one of defendant's street cars, was bruised, mashed," etc., stated a cause of action for negligence.

2. Appeal and error ⊕═1048(5)—Hypothetical question held not prejudicial error, in view of answer.

A hypothetical question to expert witness, objectionable as to form, is not prejudicial error, where the answer was not responsive to the form and not subject to the objection made to the question.

3. Appeal and error ⊕═1066—Instruction that defendant owed duty to allow passenger reasonable time to procure seat on car prejudicial error.

In a street car passenger's action for injuries an instruction that it was the duty of de-

fendant to allow reasonable time at a regular stop to allow persons time to board the car and procure a seat thereon was prejudicial error, in view of the evidence that she was in a safe position, though not seated.

**4. Carriers ⬡=287(5)—Not negligent to start car before passenger is seated.**

It was not negligence toward a boarding passenger, who had reached the vestibule and was hanging onto an upright iron rod, to start the car, where there was no violent or unusual jerk.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by Mattie M. Carroll for damages against Alabama Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The cause was tried on the fourth count of the complaint, which claims damages for that the "defendant was engaged in operating * * * a street railway as a common carrier of passengers in and upon the streets of the city of Gadsden, * * * and said defendant then and there so negligently conducted said business that by reason of such negligence plaintiff, who was a passenger on one of defendant's street cars, was bruised, mashed," etc. Demurrers to this count were overruled, and defendant pleaded in short by consent the general issue, contributory negligence, and assumption of risk.

Plaintiff testified that she got on defendant's street car as a passenger, and further:

"I had not got in good. The motorman went in the street car right in front of me, and something struck me and pitched me forward a little, and then he started the car, and I caught to this rod, and then the car gave me a jerk back, and struck my right side. I was right on the place where the motorman was. * * * The car started, and it struck me in the side, the iron rod in the street car, and I do not know what my hip struck. * * * The car had started off. That was what caused me to fall against the seat. * * * I caught, as the car started, when it hit me in the back, and that threw me back against the rod. My side struck the rod."

Plaintiff's version of how she fell and was hurt was substantially corroborated by her witness Sams. Defendant's evidence tended to show that the car did not jerk, and that plaintiff did not fall against the rod or the seat.

Plaintiff propounded to defendant's witness, Dr. Guice, a practicing physician, who had examined plaintiff and treated her for her alleged injury immediately afterwards, a hypothetical question, based upon facts supported by tendencies of the evidence, and asked him "if it is not your opinion as a doctor that the probabilities are that woman is probably injured for life." Defendant objected, on the ground that the question called for a supposition, or speculation, or possibility. The objection being overruled, the witness answered:

"Not necessarily would she be injured for life. It might be true in certain cases; then in other cases it would not."

In response to a question by a juror as to when the law considers a passenger aboard, the trial judge further instructed:

"That it is the duty of the street car company to allow a reasonable time at a regular stop to allow persons intending to take passage as passengers upon said car time to board the car and to procure a seat thereon."

To this statement defendant duly excepted. There was a verdict for plaintiff, and from the judgment thereon defendant appeals.

Hood & Murphree, of Gadsden, for appellant.

Count 4 shows no causal connection between the negligence and the injury complained of, and the demurrers to that count were improperly overruled. 96 Ala. 612, 11 South. 774; 201 Ala. 553, 78 South. 907; 6 Mayf. Dig. 669. The question propounded by plaintiff to Dr. Guice called for an opinion as to the probabilities of a probability, and its allowance was error. 125 Ala. 585, 28 South. 40. The trial court erroneously charged the jury that it was the duty of the street car company to wait a reasonable time for passengers to board the car and to procure a seat thereon before starting. 153 Ala. 87, 44 South. 983, 16 L. R. A. (N. S.) 1077.

Disque & Disque, of Gadsden, for appellee.

Count 4 was not subject to defendant's demurrer. 123 Ala. 233, 26 South. 349; 146 Ala. 207, 40 South. 205, 3 L. R. A. (N. S.) 822. The answer of the witness Dr. Guice to plaintiff's hypothetical question was favorable to defendant, and if there was error in overruling objection to the question, it was harmless. 128 Ala. 313, 29 South. 562; 197 Ala. 5, 72 South. 325; 201 Ala. 403, 78 South. 401; 202 Ala. 246, 80 South. 84; 194 Ala. 273, 69 South. 926. There was no error in the charge on the time to be allowed passengers to board street cars. 4 Ala. App. 363, 59 South. 66; 136 Ala. 166, 33 South. 886; 16 Ala. App. 188, 76 South. 472; 153 Ala. 57, 45 South. 230.

SOMERVILLE, J. [1] In Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 South. 349, a complaint substantially, if not literally, like the complaint here exhibited, was held sufficient as stating a cause of action for negligence, and not subject to demurrer on account of the generality of its averments of negligence. On that authority we hold that the demurrers were properly overruled.

[2] If it be conceded that the form of the question to Dr. Guice, calling for his opinion as to the "probabilities" of plaintiff being "probably injured for life," was bad (though we think the awkward redundancy of terms was not intended to call for the probability of a probability, but only for the witness' opinion as to the probable permanence of the injury), yet the answer was not responsive to the *form* of the question, and the answer being unobjectionable with respect to the criticism visited upon the question, and being also rather favorable to defendant, we cannot find any basis for the assignment of prejudicial error.

[3, 4] There was testimony tending to show that, after plaintiff got on the car, she remained standing in the vestibule, near the motorman, and was holding onto one upright iron rod, and that when the car started on the conductor's signal he had observed her so standing, and that she then took hold of the other rod with her other hand. Under those circumstances, there was nothing to indicate to the conductor or the motorman that starting the car in the usual way would be dangerous to plaintiff's safety. With respect to street cars:

"As a general rule it is sufficient, as regards a boarding passenger, that the car is held stationary until he has reached a place of safety on the car, and hence, although a contrary rule has been stated, it is generally held that it is not necessary to hold a car until a passenger is seated, and that the carrier is not liable for injuries sustained by a passenger while in the act of taking a seat, in consequence of the starting of the car, unless it is started in a violent, unusual, or reckless manner, or unless the unusual conditions and circumstances surrounding a particular passenger, as in case of an enfeebled or infirm passenger, require that the car be held until he is seated." 10 Corp. Jur. 947, § 1366.

To this effect the authorities are numerous and convincing, and the rule above stated was discussed and approved by this court in the case of Birmingham R., L. & P. Co. v. Hawkins, 153 Ala. 86, 44 South. 983, 16 L. R. A. (N. S.) 1077. The reason for the rule is well stated by the Michigan court in Ottinger v. Detroit, etc., R. Co., 166 Mich. 106, 131 N. W. 528, 34 L. R. A. (N. S.) 225, Ann. Cas. 1912D, 578:

"So common and unavoidable is the overcrowding of street cars that straps are usually provided, and, if these cars could not lawfully be started until all passengers were seated, or if acceleration of and checking speed could not be prompt, the efficiency of such cars would be seriously impaired."

In Birmingham R., L. & P. Co. v. Hawkins, supra, it was said:

"The cases agree that it is negligence to start the car while the passenger is in the act of stepping onto the car, and, on the other hand, they hold that there is no obligation to keep the car standing until the passenger has taken his seat. * * * From these and other cases. it seems that under ordinary conditions, unless some special circumstance requiring greater caution is brought to the attention of the motorman or the conductor, the passenger is considered to have reached a place of safety when he or she has gotten on the car."

No unusual circumstance appeared with respect to plaintiff's physical efficiency, or her position while standing in the vestibule of the car, and defendant's testimony tends to show that the car started without any jerk or other unusual movement. In this state of the evidence, we think it was prejudicial error for the trial judge to instruct the jury that it was defendant's duty to allow passengers "a reasonable time to board the car and to procure a seat thereon."

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.