## DALLAS RY. & TERMINAL CO. v. TRAVIS et al.

### No. 1122.

Court of Civil Appeals of Texas. Waco.
Feb. 4, 1932.

Rehearing Denied Feb. 25, 1932.

744

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Jno. W. West and J. P. Miller, both of Dallas, for appellees.

ALEXANDER, J.

Annie Travis, joined by her husband, brought this suit against the street car company to recover damages for personal injuries sustained by her while a passenger on one of defendant's street cars. She boarded the street car as a passenger, and after she had gotten on the car and paid her fare, but before she had reached a seat, the motorman started the car with a jerk, throwing her to the floor and injuring her. The verdict of the jury on special issues was favorable to the plaintiff, and judgment was entered accordingly. The defendant appealed.

The appellant presented a general demurrer and special exceptions to the petition, and at the conclusion of the evidence requested a peremptory instruction in its behalf, all of which were overruled by the trial court. It is appellant's contention that the appellee was not entitled to recover because she neither alleged nor proved that the jerk which threw her to the floor of the car and injured her was an unusual and unnecessary jerk.

The rule of law in other jurisdictions appears to be that, except in those cases where a passenger is old, feeble, or crippled, or otherwise in such condition as makes it reasonably apparent that he needs unusual care or precaution for his protection, a street car motorman is, as a matter of law, not required to wait until such passenger has gained a seat before starting the car; and a street car company is not liable for injuries sustained by such passenger as the result of the car being started with a sudden jerk unless such jerk is an unusual and un-

necessary one. 10 C. J. 947, § 1366; Samuels v. Railway, 151 Ky. 90, 151 S. W. 37; Gollis v. Street Railway, 254 Mass. 157, 149 N. E. 607; Wheeler Case, 205 Iowa, 439, 215 N. W. 950, 55 A. L. R. 473, 478; Brocato v. United Rys. & Electric Co., 129 Md. 572, 99 A. 792; Alabama Power Co. v. Carroll, 208 Ala. 426, 94 So. 743; Ottinger v. Railway, 166 Mich. 106, 131 N. W. 528, 34 L. R. A. (N. S.) 225, Ann. Cas. 1912D, 578.

Whatever may be the rule in other states, we do not believe this to be the law in this state. In Texas, save in those cases where it is otherwise provided by statute or ordinance or the evidence is such that reasonable minds cannot differ, the question of whether the acts or omissions in evidence do or do not constitute negligence is ordinarily a question of fact to be determined by the jury as any other fact, and it is not competent for the court to either peremptorily instruct the jury that such acts or omissions do or do not constitute negligence nor to withdraw such issue from the jury and determine the same. The court may furnish the jury with the rules of law applicable to the facts as they may find them, but the jury must be left to connect the facts in their own way and to reason for themselves and to determine in their own minds whether the conduct of the party measures up to the standard required by law. G., H. & S. A. Ry. Co. v. Porfert, 72 Tex. 344, 351, 10 S. W. 207; T. & P. Ry. Co. v. Hill, 71 Tex. 451, 459, 9 S. W. 351; I. & G. N. R. R. Co. v. Eckford, 71 Tex. 275, 279, 8 S. W. 679; T. & P. Ry. Co. v. Murphy, 46 Tex. 356, 366, 26 Am. Rep. 272.

The appellant insists that the rules applicable to other modes of transportation do not apply to a street car company because street cars, in order to make the time and to deliver the service demanded by the traveling public, must necessarily be started suddenly and with a jerk and before the passengers have had time to get to their seats, and that such cars are usually and customarily started in this manner. It contends that passengers assume such risk, and that as a matter of law the street car company cannot be held liable for doing the usual and customary thing. We see no reason for applying any different rule to a street car than to any other mode of conveyance. The degree of care required of common carriers in the transportation of passengers for hire is the same without reference to the character of conveyance used. The fact that a street car is stopped or started at frequent intervals, and must necessarily be started on short notice and with as little delay as possible, is a matter of common knowledge within the comprehension of the average juror, and the jury may take these circumstances into consideration in determining whether or not the conduct was negligence; but the test of lia-

bility in each case is negligence or the failure to exercise such degree of care under all of the circumstances as is required by law. Paris & G. N. R. Co. v. Atkins, 111 Tex. 306, 234 S. W. 66; I. & G. N. Ry. Co. v. Irvine, 64 Tex. 529; Herring v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 108 S. W. 977; Lewis v. T. & N. O. Ry. Co. (Tex. Civ. App.) 124 S. W. 1006. It is true that the appellee assumed the risk of such dangers as might arise from the ordinary and careful handling of the street car, but she had the right to avail herself of the service offered by appellant without assuming the risk of being injured by rough handling as the result of negligence of its employees. The fact, if it is a fact, that street cars are usually started with a sudden jerk before the passengers are seated, does not necessarily make such conduct lawful. A continuous pursuit of unlawful conduct would not necessarily justify such conduct. G., C. & S. F. Ry. Co. v. Evansich, 61 Tex. 3; Comanche Duke Oil Co. v. T. P. Coal & Oil Co. (Tex. Com. App.) 298 S. W. 554, syl. 22; Hubb Diggs Co. v. Bell (Tex. Com. App.) 1 S.W.(2d) 575.

■ The plaintiff alleged that she had gotten onto the street car and paid her fare and had started to a seat when the motorman negligently and carelessly started the car with a jerk and thereby suddenly threw her forward and injured her. There was testimony showing that after she paid her fare she took one step from the vestibule to the body of the car, but before she could complete a second step the car was started with a jerk and as a consequence she was thrown to the floor and severely injured. The character of the injuries sustained by appellee was described by both the pleadings and the evidence, and the jury had the right to infer therefrom the nature and character of the jerk and the force with which appellee was thrown to the floor. The trial court did not err in overruling the general demurrer and special exceptions to the petition nor in refusing to give an instructed verdict for the defendant.

■ The court charged the jury as follows:

"By the term 'high degree of care' as used in this charge is meant that degree of care that would be exercised by a very cautious and prudent person under the same or similar circumstances."

"By the term 'negligence' as used herein is meant a failure to use a high degree of care as that term is defined above."

After giving the above definitions, the court defined various other terms used in the charge and then instructed the jury as follows:

"By the term 'ordinary care' as used in this charge is meant that degree of care that would be exercised by a person of ordinary prudence under the same or similar circumstances."

"It was the duty of the plaintiff upon the occasion in question to use ordinary care for her own safety, and a failure, if any, to do so, was negligence, of the plaintiff."

"It was the duty of the defendant upon the occasion in question to use a high degree of care, as that term has been defined hereinabove, to avoid injuring plaintiff, and a failure, if any, to do so, was negligence of the defendant."

The appellant objected to the last above paragraph of the charge because it was a general charge and was on the weight of the evidence in assuming that the defendant injured the plaintiff, and because it gave undue prominence to the degree of care to be used, and indicated to the jury that the defendant had not performed its duty toward plaintiff. We do not believe that the charge is subject to the objections directed to it.

The word "negligence" is sometimes used both in a colloquial and in a legal sense. Negligence, in a colloquial sense, means a mere absence of care. Negligence, in a legal sense, means actionable negligence. To constitute actionable negligence there must be not only a lack of care, but such lack of care must involve a breach of some duty owed to a person who is injured in consequence of such breach. 45 C. J. p. 624, et seq. pars. 1 and 2. It could hardly be said that there was an error of law in defining "negligence" by the declaration of such existing duty, the measure of care required to discharge such duty, and the statement that the failure to exercise such care was negligence. In this case two different standards of conduct were involved—ordinary care as applied to the appellee and a high degree of care as applied to the street railway company. Previous to the paragraph of the charge complained of, the court had defined a high degree of care, negligence, and ordinary care, but had not informed the jury under what circumstances nor to whom nor how to apply the rule of negligence for failure to exercise a high degree of care, nor the rule of negligence for failure to exercise ordinary care. It was necessary for the court to give the jury some instruction to guide them when applying these two different standards. In order to distinguish between these different kinds of negligence, the court first told the jury that it was the duty of the injured woman to use ordinary care for her own safety, and that a failure to do so was negligence on her part, and that it was the duty of the street railway company to use a high degree of care to avoid injuring plaintiff, and that a failure to do so was negligence on its part. The court properly explained to the jury the different rules to be observed by them in determining whether the injured woman was negligent and in determining

746

whether the street car company was negligent. We do not think it can be said that a general charge was given, merely because the court stated the difference in the kind of negligence referred to therein as based on the legal duty of the respective parties sought to be charged with negligence. Neither did the charge give such undue emphasis to the degree of care to be exercised by the defendant as was calculated to prejudice its rights. Ratto v. Bluestein, 84 Tex. 57, 19 S. W. 338; Carter v. M., K. & T. Ry. Co. (Tex. Civ. App.) 160 S. W. 987.

The judgment of the trial court is affirmed.